Richard S. Yugler, OSB #804167, Local Counsel
Christine N. Moore, OSB #060270
LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100
Fax: (503) 244-4133
Email: ryugler@lbblawyers.com
Email: cmoore@lbblawyers.com

Gary S. Graifman, *Pro Hac Vice Submission Pending*
Jay Brody, *Pro Hac Vice Submission Pending*
KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Rd.
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
Email: ggraifman@kgglaw.com
Email: jbrody@kgglaw.com

Additional Counsel Listed on Signature Page

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA BLAU, CHRISTOPHER GULLEY, HOSEA WILLIAMS III, DEBORAH GREENE, BARBARA CLABAUGH, RALPH MORTON, CLAUDE VOGEL, MARGARITE SAMPSON, ANNE DAISEY, MARVIN FEIGES, YVETTE NORRIS, KATHARN WATERMAN, KIERSTON PIERCE, TAMI RIECKE, LEE BOOTH, KAREM HORNE, ALMA JENNINGS, J.P. RICHARDS JR., JAMES BRADSHAW, CARL DEMONBRUN, MICHAEL STRAUB, RON MORENO, MATHEW KLEINMANN, CLARENCE C. FELDNER, DEBORAH KNAPP, SANDRA LESSNER, JOSEPH ANDERSON, DONALD COUGLE, ARTHUR J. HOFFMAN III, JILL LEVIN, GREGORY SADLER, VIRGINIA L. CARDOZA, DEBRA AUSTIN, JAMAL ELAKRAH, TROY MOWERY, STEVEN FOWLER, JACK MEZZEL, CAROL MARZIALE, DARCY L HACKEL, and JAMES E HEISE individually and on behalf of all others similarly situated, | Case No. _____<br><br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY DEMAND** |

Page 1 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

Plaintiffs,

v.

INTEL CORPORATION,

Defendant.

Plaintiffs Joshua Blau, Christopher Gulley, Hosea Williams III, Debora Greene, Barbara Clabaugh, Ralph Morton, Claude Vogel, Margarite Sampson, Marvin Feiges, Yvette Norris, Katharn Waterman, Kierston Pierce, Tami Riecke, Lee Booth, Karem Horne, Alma Jennings, J.P. Richards Jr., James Bradshaw, Carl Demonbrun, Michael Straub, Ron Moreno, Matthew Kleinmann, Clarence Feldner, Deborah Knapp, Sandra Lessner, Joseph Anderson, Donald Cougle, Arthur J. Hoffman III, Jill Levin, Gregory Sadler, Virginia Cardoza, Debra Austin, Jamal Elakrah, Troy Mowery, Steven Fowler, Jack Mezzel, Carol Marziale, Darcy Hackel, and James Heise ("Plaintiffs"), individually and on behalf of the Class defined below, allege the following against Intel Corporation ("Intel" or the "Company") based upon personal knowledge with respect to themselves and based upon or derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## NATURE OF THE ACTION

1. Plaintiffs bring this consumer class action against Intel for its failure to disclose that a variety of Intel microprocessor chips manufactured over a two-decade period (the "Affected Processors"), which Intel sold as premium products possessing unmatched speed and technology, possessed a material defect (the "Defect") that causes computer failures and compromises of the security of the device utilizing the Affected Processors (the "Affected Devices"). Repairing or "patching" the Affected Processors' security vulnerabilities, called "Spectre" and "Meltdown," requires extensive changes at the root levels of the operating system, which will dramatically reduce performance of the Affected Processors. The defective Affected Processors are unfit for their intended use and purpose. The Defect exists in the widely used Intel processors set forth in ¶ 49, n.1, *infra*, manufactured since at least 2008. Intel's CPU microprocessor chip is, and was, utilized in the majority of all desktop, laptop computers, and

Page 2 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503-224-4100
503-224-4133 (facsimile)

*42A9698 / 15925-001*

servers in the United States. The Defect, based on a material design failure, was first revealed on or about November 21, 2017, through published stories in the news media. On or about January 2, 2018, Intel revealed that patching this security vulnerability would lead to substantial degradation in CPU performance with the Affected Devices.

2.     The defective Affected Processors, which are present in a large number of computers, phones and other electronic devices, were intended to support the operating systems and communication of data in the Affected Devices, but instead significantly and negatively interfered with the Affected Devices' performance, including the slowing of the Affected Devices, causing random rebooting and exposing the Affected Devices to security breaches.

3.     As a result of Defendant's wrongful actions, Plaintiffs and members of the proposed class and sub-classes have been injured.

## JURISDICTION AND VENUE

4.     Subject Matter Jurisdiction. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are more than 100 putative class members and at least some members of the proposed Class have different citizenship from Intel.

5.     Personal Jurisdiction. This Court has personal jurisdiction over Intel as the Judicial Panel on Multi-District Litigation transferred all cases against Intel involving the Defect alleged herein to the District of Oregon.  See MDL Transfer Order dated April 5, 2018, ECF No. 127 in MDL Docket No. 2828.

6.     Venue. Venue is proper in this Court because of the MDL Transfer Order and because pursuant to 28 U.S.C. § 1391(b) Intel conducts substantial business in this District and has advocated that related cases be litigated in this District because, as it has publicly stated, a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

### Plaintiffs

Page 3 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

7.   Plaintiff Joshua Blau ("Blau") is a resident of the State of Arkansas. In 2016, Plaintiff Blau purchased an Asus laptop computer for approximately $500. His Asus laptop computer contained an Affected Processor and experienced a significant slowdown of speed in its operation as well as other operational issues that negatively affected its performance. Plaintiff Blau has lost several personal files as a result of the slowdown.

8.   Plaintiff Christopher Gulley ("Gulley") is a resident of the State of Arkansas. In or about February 2018, Plaintiff Gulley purchased an HP Laptop Windows Edition with an Intel Celeron Processor for approximately $235. His HP Laptop contained an Affected Processor and experienced a significant slowdown of speed in its operation as well as other operational issues that negatively affected its performance.

9.   Plaintiff Hosea Williams III ("Williams") is a resident of the State of Arkansas. Plaintiff Williams purchased an Hp laptop, an Hp desktop, and an Hp dv6 laptop, all with Affected Processors. With all his devices, Plaintiff Williams experienced significant slowdowns and would only see a blue screen on his devices, which eventually would no longer boot up.

10.   Plaintiff Deborah Greene ("Greene") is a resident of the State of California. On April 17, 2017, Plaintiff Greene purchased an Elitebook 8470p with a Core i5 Intel Processor for $215. She also owns an HP Vista Home Premium desktops with an Intel Pentium Dual Core Processor which she purchased for approximately $600. Her Elitebook and desktop contained the Affected Processors, which experienced a significant slowdown of speed in their operation as well as other operational issues that negatively affected their performance.

11.   Plaintiff Barbara Clabaugh ("Clabaugh") is a resident of the state of Florida. In or around 2014, Plaintiff Clabaugh purchased a Dell desktop computer, which contained an Affected Processor. After doing the updates, Plaintiff Clabaugh's Dell desktop stopped working properly and is nearly nonfunctional due to its slowness.

12.   Plaintiff Ralph Morton ("Morton") is a resident of the State of Georgia. In or about April 2017, Plaintiff Morton purchased a Dell desktop for approximately $600. The Dell desktop contained an Affected Processor which experienced a significant slowdown of speed in its

Page 4 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

operation as well as other operational issues that negatively affected its performance.

13.    Plaintiff Claude Vogel ("Vogel") is a resident of the State of Illinois. Plaintiff Vogel purchased a Del desktop with an Intel Core i7 processor for approximately $488. The Dell desktop contained an Affected Processor which experienced a significant slowdown of speed in its operation as well as other operational issues that negatively affected its performance.

14.    Plaintiff Margarite Sampson ("Sampson") is a resident of the State of Louisiana. Plaintiff Sampson purchased a device which contained defective Intel Affected Processors. Plaintiff Sampson began to experience problems after updating one of the computers with the patch, resulting in the computer system running perceptively slower than prior to the update.

15.    Plaintiff Anne Daisey ("Daisey") is a resident of the State of Maine. Plaintiff Daisey purchased a 2008 Hp laptop which contained defective Intel Affected Processors. After doing the update, Plaintiff Daisey began to experience black screens, error messages, slowness of operation, and breaches of security.

16.    Plaintiff Marvin Feiges ("Feiges") is a resident of the State of Maryland. Plaintiff Feiges purchased a Gateway computer for approximately $500 which contained defective Intel Affected Processors. Plaintiff Feiges began to experience problems after updating the computer, which experienced a significant slowdown of speed in its operation as well as other operational issues that negatively affected its performance.

17.    Plaintiff Yvette Norris ("Norris") is a resident of the State of Maryland. Plaintiff Norris purchased two Dell laptop computers and one Dell desktop computer which contain defective Intel Affected Processors. Plaintiff Norris began to experience problems after her computers were automatically updated through Microsoft Updates whereby her computers experienced slowing, unprompted changes to font and screen size, and inability to open applications.

18.    Plaintiff Katharn Waterman ("Waterman") is a resident of the State of Massachusetts. In or around 2015, Plaintiff Waterman purchased an Hp desktop which contained defective Intel Affected Processors. Plaintiff Waterman began to experience a host of problems

Page 5 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

with her computer, including error and scam notices and various security issues costing her time, money, and loss of privacy.

19.  Plaintiff Kierston Pierce ("Pierce") is a resident of the State of Wisconsin.  In or about July 2011, Plaintiff purchased a Toshiba Satellite C655 laptop computer for $542, which contained a defective Intel Affected Processor, Core 17 MPC.  Plaintiff began to experience a host of problems with her computer attributable to the defective Affected Processors including running significantly slower after installing the updates/patches, change of functionality of aspects of the systems controls, such as retrieving and/or accessing downloaded items and files. The computer also crashed without warning on approximately four (4) different occasions, requiring a "Full System Restore", as well as multiple other functionality issues.

20.  Plaintiff Tami Riecke ("Riecke") is a resident of the State of Minnesota. In or about February 2014, Plaintiff Riecke purchased a Sony Vaio which contained an Intel Core i-5, a defective Intel Affected Processor, as well as a Hp probook4510s. Plaintiff Riecke began to experience problems with her computers following the devices' automatic update whereby the computer systems suffered tremendous slow-downs.

21.  Plaintiff Lee Booth ("Booth") is a resident of the State if Mississippi. In or around 2016, Plaintiff Booth purchased two devices, one with an Intel Core i3 processor and one with an Intel Core i5 processor for $800 and $400. He also built a device with an Affected Processor, for which he paid $150. All of his devices and processors have experienced a significant slowdown of the speed in their operation as well as other operational issues that negatively affected the performance of the devices.

22.  Plaintiff Karem Horne ("Horne") is a resident of the State of Mississippi. Plaintiff Horne purchased a device which contained defective Intel Affected Processors. Plaintiff Horne began to experience problems after updating one of the computers with the patch, resulting in the computer system running perceptively slower than prior to the update.

23.  Plaintiff Alma Jennings ("Jennings") is a resident of the State of Missouri. Plaintiff Jennings purchased an HP ENVY dv4 Notebook and a Powerspec B708 Desktop, both of which

Page 6 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

contained defective Intel Affected Processors. Plaintiff Jennings began to experience problems after updating one of the computers with the patch, resulting in the computer system running perceptively slower than prior to the update.

24.    Plaintiff J.P. Richards Jr. ("Richards") is a resident of the State of Montana. Richards purchased several devices containing Affected Processors. Richards purchased a desktop with an affected processor which has needed numerous repairs in the amount of approximately $5,000. He also purchased a laptop in December 2015 for $1,134.78 and a laptop in March 2012 for $598, both of which have Affected Processors. In March 2018, he purchased another desktop with an Affected Processor. All of Plaintiff Richards' devices have experienced a significant slowdown of speed in their operation as well as other operational issues that negatively affected their performance.

25.    Plaintiff James Bradshaw ("Bradshaw") is a resident of the State of Nebraska. In or around 2017, Plaintiff Bradshaw purchased the defective Intel Affected Processors which he used to build his own computers. Plaintiff began to experience problems following the installation of update patches, resulting in the computer systems running perceptively slower than prior to the update.

26.    Plaintiff Carl Demonbrun ("Demonbrun") is a resident of the State of Nevada. In or about September 2017, Plaintiff Demonbrun purchased a Dell-Inspiron 15-7000 Series-7570 laptop computer which contained the 17-Intel-8[th] generation Quad Core, defective Intel Affected Processors. Plaintiff began to experience problems after his computer was automatically updated through Microsoft Automatic Updates.  The computer's processing since slowed, and began to reboot often with a blue screen.

27.    Plaintiff Michael Straub ("Straub") is a resident of the State of Nevada. In or around December 2015, Plaintiff Straub purchased an Intel (R) Core(TM) i7-4770K CPU@ 3.5 Ghz, defective Intel Processor, as the CPU for his personal self-constructed computer. The computer updated automatically and since began experiencing problems, including high use of Ram, constant rebooting, and locking up.

Page 7 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (Facsimile)

42A9698 / 15925-001

28.    Plaintiff Ron Moreno ("Moreno") is a resident of the State of New Jersey. Plaintiff Moreno has purchased six devices with Affected Processors. His devices have all experienced a significant slowdown of speed in their operation as well as other operational issues that negatively affected their performance.

29.    Plaintiff Matthew Kleinmann ("Kleinmann") is a resident of the State of New York. Plaintiff Kleinmann purchased two laptops with Intel Core i7 Processors each for $1,600. Both of Kleinmann's laptop computers contained the Affected Processors and experienced a significant slowdown of speed in their operation as well as other operational issues that negatively affected their performance.

30.    Plaintiff Owen Waite ("Waite") is a resident of the State of New York. Plaintiff Waite purchased an Apple MAC computer in 2015 for $4,268.00 which contained an i7 Intel Core Processor, one of the defective Affected Processors herein.  In early to mid-2017, Plaintiff began experiencing operational issues as a result of the defective Affected Processor in his computer and began experiencing connectivity issues requiring Plaintiff Waite to continually re-establish internet connections with the computer freezing and crashing in the middle of sessions of use.

31.    Plaintiff Clarence C. Feldner ("Feldner") is a resident of the State of Ohio. Plaintiff Feldner purchased a computer which contained a defective AMD Processor. Plaintiff Feldner began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update, multiple "blue screens of death", and possible identity theft.

32.    Plaintiff Deborah Knapp ("Knapp") is a resident of the State of Ohio. Plaintiff Knapp purchased a computer which contained defective Affected Device. Plaintiff Knapp began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update, and now needs to reboot her computer constantly.

33.    Plaintiff Sandra Lessner ("Lessner") is a resident of the State of Ohio. Plaintiff

Page 8 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

Lessner purchased a computer which contained an Affected Device. Plaintiff Lessner has not yet updated her computer with the patch.

34.    Plaintiff Joseph Anderson ("Anderson") is a resident of the State of Oregon. Plaintiff Anderson purchased a computer which contained an Affected Device. Plaintiff Anderson believes he may have suffered identity theft as a result of the Defect.

35.    Plaintiff Arthur J. Hoffman III ("Hoffman") is a resident of the State of Pennsylvania. Plaintiff Hoffman purchased a computer which contained an Affected Device. Plaintiff Hoffman began to experience problems after updating a computer with the patch.

36.    Plaintiff Jill Levin ("Levin") is a resident of the State of Pennsylvania. Plaintiff Levin purchased a computer which contained an Affected Device. Plaintiff Levin began to experience problems after updating a computer with the patch.

37.    Plaintiff Gregory Sadler ("Sadler") is a resident of the State of Pennsylvania. In or about 2014, Plaintiff Sadler purchased an HP Probook 4730S with an Intel i7 core processor, one of the Intel Affected Processors, for approximately $1,000. As a result of the defect, the computer began to run unduly slowly, experience a decrease in speed, and a locked-up screen, shutting down for no apparent reason. Plaintiff's computer had automatic updates. In an effort to resolve the issues, Plaintiff contacted Microsoft who had him purchase a maintenance plan and who tried to resolve the problem remotely, but never could.

38.    Plaintiff Virginia L. Cardoza ("Cardoza") is a resident of the State of Rhode Island. Plaintiff Cardoza purchased a computer which contained an Affected Device. Plaintiff Cardoza began to experience problems after updating a computer with the patch.

39.    Plaintiff Debra Austin ("Austin") is a resident of the State of South Carolina. Plaintiff Austin purchased a computer which contained an Affected Device. Plaintiff Austin began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update and believes her computer may have been hijacked.

40.    Plaintiff Jamal Elakrah ("Elakrah") is a resident of the State of South Carolina.

Page 9 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

Plaintiff Elakrah purchased a computer which contained an Affected Device. Plaintiff Elakrah began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update.

41.   Plaintiff Troy Mowery ("Mowery") is a resident of the State of Tennessee. Plaintiff Mowery purchased several computers which contained an Affected Device. Plaintiff Mowery began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update.

42.   Plaintiff Steven Fowler ("Fowler") is a resident of the State of Texas. Plaintiff Fowler purchased four devices with Affected Processors, two with Intel Core i3 Processors and two with Intel Core i5 Processors. Plaintiff Fowler has experienced a significant slowdown of the speed and operation of all four devices as well as other operational issues that negatively affected the performance of his computers.

43.   Plaintiff Jack Mezzel ("Mezzel") is a resident of the State of Texas. Plaintiff Mezzel purchased a Dell Insperion with an Affected Processor for approximately $600. Plaintiff Mezzel has had his credit card information stolen and used for at least five different cards as many as six times as a result of the updates. Plaintiff Mezel has also experienced a significant slowdown of the speed in his device's operation as well as other operational issues that negatively affected the performance of his computer.

44.   Plaintiff Carol Marziale ("Marziale") is a resident of the State of Utah. Plaintiff Marziale purchased a computer which contained an Affected Device. Plaintiff Marziale began to experience problems after updating a computer with the patch, resulting in the computer system running perceptively slower than prior to the update, and ultimately requiring her to purchase another computer.

45.   Plaintiff Darcy Hackel ("Hackel") is a resident of the State of Wisconsin. Plaintiff Hackel purchased approximately six (6) computers with Intel Affected Processors and as a result has experienced significant slowdown and lags of performance and execution time in each of the computers as well as other operational issues that negatively affected the performance of each

Page 10 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

computer.

46.   Plaintiff James Heise ("Heise") is a resident of the State of Wyoming. Plaintiff Heise purchased three (3) Toshiba Satellite laptop computers with Intel Pentium microprocessors, purchased in 2010, April 2011 and November 2011 for approximately $429, $400 and $380 respectively.  Plaintiff Heise also purchased in 2011, 2015 and 2016, Intel Affected Processors including a Core i3, Core i5 and Core i7 for a total of approximately $800 and five (5) additional Intel microprocessor chips at $50.00 each.  As a result of the Affected Processors, Plaintiff has experienced significant slowdown and lags of performance and execution time as well as other operational issues that negatively affected the performance of his computers. As a result thereof, he removed the security patches because the computer was not useful with said patches installed due to the effect on the speed and performance of said computer.

**Defendant**

47.   Defendant Intel is a corporation that was created under the laws of the State of California, is currently incorporated in Delaware, and has its principal place of business in Santa Clara, California. According to Intel's public filings, the Company is a "world leader in the design and manufacturing of essential products and technologies that power the cloud and an increasingly smart, connected world. Intel delivers computer, networking, and communications platforms to a broad set of customers including original equipment manufacturers (OEMs), original design manufacturers (ODMs), cloud and communications service providers, as well as industrial, communications and automotive equipment manufacturers. [Intel is] expanding the boundaries of technology through our relentless pursuit of Moore's Law and computing breakthroughs that make amazing experiences possible."

## STATEMENT OF FACTS

### A.   Background on Intel's Affected Processors and the Meltdown and Spectre Vulnerabilities

48.   Intel has long touted the security of its processors, including its most recent 8th Generation Core Processors, advertising a "critical layer of protection to make password logins,

Page 11 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

browsing, and online payments safe and simple." Intel has described its biometric systems as having "rock-solid security that's fast and hassle free." The security of Intel's ubiquitous processors is vital not just to consumers, but to almost every facet of modern commercial life.

49.    Security vulnerabilities called "Meltdown" and "Spectre" affect all Intel chips released after 1995, with the exception of the company's Itanium server chips and Atom processors before 2013. The vulnerabilities affect more than 730 varieties of Intel server/workstation processors, 443 varieties of desktop processors, 583 varieties of mobile processors, and 51 varieties of mobile Systems on a Chip.[1] Millions of computers and devices contain the Affected Processors.

50.    Both the Meltdown and Spectre vulnerabilities arise from the Affected Processors' performance-boosting processes of speculative execution and caching. Speculative execution increases CPU performance by executing anticipated computations before instructions to do so are provided. Caching involves the use of a small, high-speed data storage cache on a CPU chip. Because cached data does not have to travel between the CPU to external storage, it can be accessed much faster than non-cache storage. The data for speculative execution is often stored on the CPU's cache.

51.    A series of exploits can take advantage of speculative execution data stored in the

---

[1] The Affected Processors include: Intel Core i3 processor (4nm and 32nm); Intel Core i5 processor (45nm and 32nm); Intel Core i7 processor (45nm and 32nm); Intel Core M processor family (45nm and 32nm); 2nd generation Intel Core processors; 3rd generation Intel Core processors; 4th generation Intel Core processors; 5th generation Intel Core processors; 6th generation Intel Core processors; 7th generation Intel Core processors; 8th generation Intel Core processors; Intel Core X-series Processor Family for Intel X99 platforms; Intel Core X-series Processor Family for Intel X299 platforms; Intel Xeon processor 3400 series; Intel Xeon processor 3600 series; Intel Xeon processor 5500 series; Intel Xeon processor 5600 series; Intel Xeon processor 6500 series; Intel Xeon processor 7500 series; Intel Xeon Processor E3 Family; Intel Xeon Processor E3 v2 Family; Intel Xeon Processor E3 v3 Family; Intel Xeon Processor E3 v4 Family; Intel Xeon Processor E3 v5 Family; Intel Xeon Processor E3 v6 Family; Intel Xeon Processor E5 Family; Intel Xeon Processor E5 v2 Family; Intel Xeon Processor E5 v3 Family; Intel Xeon Processor E5 v4 Family; Intel Xeon Processor E7 Family; Intel Xeon Processor E7 v2 Family; Intel Xeon Processor E7 v3 Family; Intel Xeon Processor E7 v4 Family; Intel Xeon Processor Scalable Family; Intel Xeon Phi Processor 3200, 5200, 7200 Series; Intel Atom Processor C Series; Intel Atom Processor E Series; Intel Atom Processor A Series; Intel Atom Processor x3 Series; Intel Atom Processor Z Series; Intel Celeron Processor J Series; Intel Celeron Processor N Series; Intel Pentium Processor J Series; and Intel Pentium Processor N Series.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

cache to deduce the underlying data stored therein, putting at risk the user's sensitive information stored in the protected kernel memory, like passwords, photos, emails, and any data stored in the PC.

52.    Meltdown exploits speculative execution and caching to grant a cyber intruder access to programs and information from all over the machine, including programs and information protected by security measures. Spectre, of which there are two variants, reveals only data about the program being exploited by the intruder.

53.    All devices with the Affected Processors are at risk from the Meltdown and Spectre vulnerabilities, and the vulnerabilities are generally of concern to processor companies like Intel, AMD, and ARM, operating system companies like Apple, Microsoft, and Google, and cloud-service providers like Amazon.

54.    Remediation of the Meltdown virus through a software patch is possible but entails a penalty to computational performance that, in aggregate, amounts to billions of dollars in reduced computational performance.

55.    Spectre is a series of vulnerabilities related to speculative execution. Unlike Meltdown, Spectre cannot be patched.

56.    In June 2017, security researchers notified Intel and other companies regarding Meltdown and Spectre. Intel did not disclose the Meltdown vulnerability to the public or cyber security officials.

57.    On January 3, 2018, Intel disclosed the Meltdown and Spectre vulnerabilities to the public and US Computer Emergency Readiness Team, which issues cyber security warnings to the public and the private sector. Intel's disclosure came after the flaws were independently identified by three teams: Google's Project Zero, Cyberus Technology, and the Graz University of Technology.

58.    On January 4, 2018, Intel issued software and firmware patches that covered all Affected Devices, including personal computers and servers, and released this statement:

Intel continues to believe that the performance impact of these updates is highly

Page 13 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

workload-dependent and, for the average computer user, should not be significant and will be mitigated over time. While on some discrete workloads the performance impact from the software updates may initially be higher, additional post-deployment identification, testing and improvement of the software updates should mitigate that impact.

**B.    Impact on Consumers**

59.    Intel's patches have affected its operating systems and Intel chip combinations in the following way:

- With Windows 10 on newer silicon (2016-era PCs with Skylake, Kabylake or newer CPU), benchmarks show single digit slowdowns, but we don't expect most users to notice a change because these percentages are reflected in milliseconds.

- With Windows 10 on older silicon (2015-era PCs with Haswell or older CPU), some benchmarks show more significant slowdowns, and *we expect that some users will notice a decrease in system performance*.

- With Windows 8 and Windows 7 on older silicon (2015-era PCs with Haswell or older CPU), *we expect most users to notice a decrease in system performance.*
                                                       * * *
- Windows server on any silicon, especially in any IO-intensive application, shows a more significant performance impact when you enable the mitigations to isolate untrusted code within a Windows Server instance. This is why you want to be careful to evaluate the risk of untrusted code for each Windows Server instance, and *balance the security versus performance tradeoff for your environment.*

https://hothardware.com/news/microsoft-windows-10-pcs-haswell-intel-cpus-significant-slow downs-post-spectre-patch (emphasis added).

60.    Red Hat, a software company, noted the impact of software patches as having between a one to twenty percent performance reduction using industry-standard benchmarks.

61.    The Register, one of the first tech blogs to report on the security vulnerability, further detailed the impact of software patches on the following companies:

Epic Games on Friday explained the cause of recent login and stability issues experienced by its players, noting: "All of our cloud services are affected by updates required to mitigate the Meltdown vulnerability."

62.    Discussions on the mailing list for Lustre, a parallel distributed filesystem, described slowdowns ranging from ten to forty-five percent for certain IO intensive applications.

Page 14 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

63.    Via Twitter, Francis Wolinski, a data scientist with Paris-based Blueprint Strategy, noted that Python slowed significantly (about thirty-seven percent) after applying the Meltdown patch for Windows 7.

64.    Also via Twitter, Ian Chan, director of engineering for analytics firm Branch Metrics, described CPU utilization increases of five to twenty percent after the Meltdown patch was applied to the AWS EC2 hypervisor handling its Kafka instances.

65.    On Reddit, a Monero coin miner reported a slowdown of about forty-five percent after applying the Meltdown patch. On that thread, another person cited a hash rate decrease of ten to fifteen percent.

66.    Amazon customers have sent The Register several screenshots of CPU utilization showing spikes similar to those that have been publicly discussed. Before the weekend, Amazon confirmed the updates will ding AWS virtual-machine performance to some degree, albeit with no "meaningful performance impact for most customer workloads" expected, apparently.

67.    The Next Platform, a tech blog cited in The Register, conservatively estimated the costs of the Meltdown patch to the server business alone to be $10 billion and noted that since Intel first learned about the security exploit in June 2017, but did not disclose the exploit to the public until January 3, 2018, the chip maker had an unfair advantage over smaller tech companies:

> The unfair thing is that the chip makers, the hyperscalers, and the cloud builders all knew well ahead of the rest of the world, and that gave them an unfair advantage choosing their next generation of processors. Knowing the impacts before launch, and having access to Intel Xeons SPs, AMD Epycs, IBM Power9s, Qualcomm Centriq 2400s, and (maybe) Cavium ThunderX2s ahead of everyone else, they knew the probably performance hit and could size their machines and ask their prices accordingly. Now, everyone else has to play catch up and do the math.
>
> We have to make some assumptions to make a point here. So first, let's assume that the average performance hit is somewhere around 10 percent for a server based on microbenchmarks, and that the heavily virtualized environment in most enterprise datacenters washes out against the lower impact expected for enterprise workloads. Call it something on the order of $60 billion a year in worldwide system sales. So the impact is $6 billion a year in the value of the computing that is being lost, at the grossest, highest denominator level. For modern machines, this is like giving up two, four, or maybe even six cores out of the machine, if the performance hit pans out as we expect on existing machines across a wide variety of workloads. Add this

Page 15 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorney at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

up over the three or four generations of servers sitting out there in the 40 million or so servers in the world, and maybe the hit is more to the tune of $25 billion without taking into account the depreciated value of the installed base. Even if you do, it is still probably north of $10 billion in damages.

68.    Intel provided false and misleading information regarding the impact of its patches for Meltdown, which resulted in noticeable drops of CPU performance for customers and companies using older chipsets and operating systems.

69.    The importance of Intel's relationship to storing and transmitting secure and accurate data without corruption was recently underscored by Intel's Chief Executive Officer, Brian M. Krzanich, who stated in his letter to the Company's shareholders in Intel's 2016 10-K filed with the U.S. Securities & Exchange Commission:

> This data revolution is a big opportunity for Intel because we provide essential technologies for processing, analyzing, storing, and sharing data. Data fuels our virtuous cycle of growth. It drives the continuing build-out of the cloud and the transformation of networks, and enables amazing new computing experiences like artificial intelligence, autonomous driving, and merged reality. The growth of data and new data-intensive markets adds billions to Intel's total addressable market.

## CLASS ALLEGATIONS

70.    Plaintiffs seek relief on behalf of themselves and as representatives of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and (c)(4), Plaintiffs seek certification of a Nationwide class defined as follows:

> All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in the United States and/or while residing in the United States (the "Nationwide Class").

71.    Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiffs assert claims under the laws of the individual States, and on behalf of separate statewide subclasses, defined as follows:

> All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in California and/or while residing in California (the "California Subclass").

Page 16 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Florida and/or while residing in Florida (the "Florida Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Georgia and/or while residing in Georgia (the "Georgia Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Louisiana and/or while residing in Louisiana (the "Louisiana Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Maine and/or while residing in Maine (the "Maine Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Massachusetts and/or while residing in Massachusetts (the "Massachusetts Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Maryland and/or while residing in Maryland (the "Maryland Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Michigan and/or while residing in Michigan (the "Michigan Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

acquired their Affected Devices in Minnesota and/or while residing in Minnesota (the "Minnesota Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Missouri and/or while residing in Missouri (the "Missouri Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Montana and/or while residing in Montana (the "Montana Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Mississippi and/or while residing in Mississippi (the "Mississippi Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Nebraska and/or while residing in Nebraska (the "Nebraska Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Nevada and/or while residing in Nevada (the "Nevada Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in New Jersey and/or while residing in New Jersey (the "New Jersey Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in New York and/or while residing in New York (the "New York Subclass").

All persons who (1) own or have owned an Affected Device that used one or more

Page 18 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Ohio and/or while residing in Ohio (the "Ohio Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Oregon and/or while residing in Oregon (the "Oregon Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Pennsylvania and/or while residing in Pennsylvania (the "Pennsylvania Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Rhode Island and/or while residing in Rhode Island (the "Rhode Island Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Tennessee and/or while residing in Tennessee (the "Tennessee Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Texas and/or while residing in Texas (the "Texas Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Utah and/or while residing in Utah (the "Utah Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in the State of Illinois and/or while residing in

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503-224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

Illinois (the "Illinois Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Wisconsin and/or while residing in Wisconsin (the "Wisconsin Subclass").

All persons who (1) own or have owned an Affected Device that used one or more of the defective Intel Affected Processors or (2) have owned an Affected Device and have replaced it with a new device because it was experiencing performance problems as a result of the defective Intel Affected Processors, who purchased or acquired their Affected Devices in Wyoming and/or while residing in Wyoming (the "Wyoming Subclass").

72.    Excluded from the Class and/or each of the above Subclasses are any of Intel's officers, directors and board members; all persons who make a timely election to be excluded from the Class and/or Subclasses; and the judges to whom this case is assigned and their immediate family.

73.    Plaintiffs hereby reserve the right to amend or modify the Class and Subclasses' definitions with greater specificity or division after having had an opportunity to conduct discovery.

74.    The proposed Class and each of the proposed Subclasses meet the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

75.    Numerosity. Fed. R. Civ. P. 23(a)(1). Consistent with Rule 23(a)(1), the members of the Class and/or Subclasses are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class and/or Subclass members is unknown to Plaintiffs at this time, Plaintiffs believe the proposed Class and Subclasses comprise millions of members. Class and Subclass members may be identified through objective means. Class and Subclass members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

76.    Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions

Page 20 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

of law and fact that predominate over any questions affecting individual Class and Subclass members. The common questions include:

    a.    Whether Intel failed to disclose that its defective Affected Processors caused loss of data, slowdowns, other performance issues and potential security and data breach issues in Affected Devices;

    b.    Whether Intel interfered or otherwise lowered the use or value of the Affected Devices;

    c.    Whether Intel charged a premium price for a product alleged to provide superior performance and security as compared to competitive products when, in fact, the defective Intel Affected Processors were inferior and had security vulnerabilities not possessed by competitive product which sold for lesser amounts.

    d.    Whether Intel is subject to liability for fraudulently concealing material facts from Plaintiffs and other members of the proposed classes;

    e.    Whether Intel's conduct constituted deceptive trade practices under state law;

    f.    Whether Intel was unjustly enriched as a result of its fraudulent conduct, such that it would be inequitable for Intel to retain benefits conferred upon it by Plaintiffs and other members of the proposed Class and/or Subclasses;

    g.    Whether Plaintiffs and the other members of the proposed Class and/or Subclasses were injured and suffered damages or other acceptable losses because of Intel's fraudulent behavior; and,

    h.    Whether Plaintiffs and other members of the proposed Class and/or Subclasses are entitled to relief.

    77.    Typicality. Fed. R. Civ. P. 23(a)(3). Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of those of the other Class and/or Subclass members. Plaintiffs' damages and injuries are akin to the other Class and/or Subclass members and Plaintiffs seek relief consistent with the relief of the Class and/or Subclasses.

Page 21 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

78.    Adequacy. Fed. R. Civ. P. 23(a)(4). Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiffs are adequate representatives of the Class and/or Subclasses because Plaintiffs are members of the Class and Subclasses and are committed to pursuing this matter against Intel to obtain relief for the Class and/or Subclasses. Plaintiffs have no conflict of interest with the Class and/or Subclasses. Plaintiffs' Counsel are competent and experienced in litigating class actions, including privacy litigation. Plaintiffs intend to vigorously prosecute this case and will fairly and adequately protect the Class' and/or Subclasses' interests.

79.    Superiority. Fed. R. Civ. P. 23(b)(3). Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiffs and the other members of the Class and/or Subclasses are relatively small compared to the burden and expense required to individually litigate their claims against Intel, and thus, individual litigation to redress Intel's wrongful conduct would be impracticable. Individual litigation by each Class and/or Subclass member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

80.    Injunctive and Declaratory Relief. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class and/or Subclasses as a whole, making injunctive and declaratory relief appropriate to the Class and/or Subclasses as a whole.

81.    Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would

Page 22 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

advance the disposition of this matter and the parties' interests therein.

82.    Finally, all members of the proposed Class and/or Subclasses are readily ascertainable by records maintained by Intel. Using this information, the members of the Class and/or Subclasses can be identified, and their contact information ascertained for purposes of providing notice to the Class and/or Subclasses.

## COUNT I

### FRAUDULENT CONCEALMENT
### (On Behalf of Plaintiffs and the Nationwide Class, or, Alternatively, Plaintiffs and the State Subclasses)

83.    Plaintiffs incorporate and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

84.    Prior to and at the time that Plaintiffs and members of the proposed Class and Subclasses decided to purchase their Affected Devices Intel knew and/or had possession of the information revealing to it that its defective Affected Processors would cause loss of data, slowdowns, other performance issues and potential security and data breach issues in Affected Devices.

85.    At all relevant times herein Intel, which had a duty to disclose the above information, intentionally concealed and/or failed to disclose the aforementioned material facts to the Plaintiffs and members of the proposed Class and Subclasses.

86.    At all relevant times, Intel made representations as to the superior performance of its Affected Processors as compared to competitors' competitive products and thereby charged a price premium for its Affected Processors.

87.    Plaintiffs and members of the proposed Class and Subclasses did in fact rely on Intel's concealment and lack of material disclosure in choosing to purchase and/or install the defective Intel Affected Processors into their Affected Devices

88.    Had Intel disclosed that the product was defective, Plaintiffs would not have purchased the defective Intel Affected Processors or products with the defective microprocessor chips.

Page 23 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503-224-4100
503-224-4133 (facsimile)

42A9698 / 15925-001

89.   As a direct and proximate cause of Intel's material omissions, Plaintiffs and members of the proposed Class and Subclasses suffered ascertainable losses consisting of the purchase price of new Affected Devices, the cost of retrieval of data, the time to remedy the issues created and the price premium paid to Intel.

## COUNT II

### BREACH OF IMPLIED CONTRACT
**(On Behalf of Plaintiffs and the Nationwide Class, or, Alternatively, Plaintiffs and the State Subclasses)**

90.   Plaintiffs incorporate and re-allege the allegations contained in the preceding paragraphs as if fully set forth herein.

91.   Plaintiffs' and members of the proposed Class and Subclasses entered into implied contracts with Intel, when they purchased their Affected Devices, to which Intel agreed to not purposefully interfere with Plaintiffs and members of the proposed Class and Subclasses' usage or speed.

92.   Intel represented the Affected Processors it supplied to be of the highest quality, to be as secure as competitive Affected Processors and to be of a higher performance standard than competitors, and as illustrative of this alleged fact, Intel brand Affected Processors, when included with an Affected Device, were listed as one of the beneficial features of the Affected Devices.

93.   Plaintiffs and members of the proposed Class and Subclasses fully performed their obligations under the implied contracts with Intel.

94.   Defendant breached the implied contracts it had made with the Plaintiffs and members of the proposed Class and Subclasses by manufacturing, distributing, marketing, producing and installing Affected Processors into the Affected Devices which created security vulnerabilities and required patches which Intel has now admitted will reduce the performance and operation of the Affected Devices and slow them down.

95.   The damages to Plaintiffs and members of the proposed Class and Subclasses as described herein were the direct and proximate result of the Defendant's breaches of these

Page 24 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

implied contracts.

## COUNT III

### VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### (Asserted by the Arkansas Subclass)

96.     Plaintiffs Joshua Blau, Christopher Gulley, and Hosea Williams III ("Plaintiffs" for purposes of this Count), individually and on behalf of the other Arkansas Subclass Members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

97.     Plaintiffs assert this cause of action on behalf of themselves and the Arkansas Subclass.

98.     The ADTPA is designed to protect consumers from deceptive, unfair and unconscionable trade practices.  The ADTPA is a remedial statute, which is liberally construed in favor of consumers.

99.     Defendant's practices, acts, policies, and course of conduct, including its omissions described above, were intended to induce, and did induce, Plaintiffs and members of the Arkansas Subclass, to purchase defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors.

100. Defendant sold the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors while knowingly concealing that they contained the defects alleged above.

101. Acts by Defendant are and were deceptive acts or practices which are and/or were, likely to mislead a reasonable consumer purchasing the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors.  The aforementioned deceptive acts and practices are material, in part, because they concern an essential facet of the defective Intel microprocessor Affected Processors and/or Affected Devices' functionality, safety and security.

102. The Defendant's practices violate the following sections of the ADTPA:

a.      Advertising goods with the intent not to sell them as advertised, by knowingly

Page 25 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

misrepresenting and intentionally omitting and concealing material information regarding the defective Intel Affected Processors and/or Affected Devices with defective Intel Affected Processors. Ark. Code Ann. §4-88-107(a)(3)

b.   Employing bait and switch advertising with undisclosed conditions precedent to the purchase, by failing to disclose to Plaintiffs and the Arkansas Subclass members the known defects in the microprocessor Affected Processors, that the Affected Processors were subject to security flaws, could result in compromise of security of data due to Meltdown and Spectre and the known risks associated therewith and would be subject to slowdowns and a decrease in system performance. Ark. Code Ann. § 4-88-107(a)(5)

c.   Knowingly taking advantage of a consumer reasonably unable to protect his interest because of ignorance or inability to understand that the Affected Processors would be subject to slowdowns and security flaws prior to purchase, Ark. Code Ann. § 4-88-107(a)(8).

d.   Engaging in unconscionable, false, and deceptive acts or practices in business, commerce or trade, by failing to disclose to Plaintiffs and the Arkansas Subclass either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects. Ark. Code Ann. § 4-88-107(a)(10).

103.  The Defendant's conduct also violates Ark. Code Ann §4-88-108 by suppressing material facts, and using deception, or false pretenses in its failure to disclose that its defective Affected Processors would cause loss of data, slowdowns, other performance issues and potential security and data breach issues in Affected Devices.

104.  Defendant's conduct has caused Plaintiffs and the Arkansas Subclass to suffer actual damages or injury, including monetary loss, and to incur attorney's fees.

Page 26 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

105. Plaintiffs and Arkansas Subclass members relied upon Intel's misrepresentations and material omissions in purchasing Intel Affected Processors and/or Affected Devices with Intel Affected Processors. Had Plaintiffs and Arkansas Subclass members known of the truth and of the concealed material information, they would not have purchased Intel Affected Processors or Affected Devices that contained Intel Affected Processors which have damaged their Affected Devices and/or would have purchased devices with AMD or other competitive products for a lesser amount.

106. As a result of Intel's acts and practices alleged herein, Plaintiffs and Arkansas Subclass members suffered actual damages.

107. Plaintiffs and Arkansas Subclass members are entitled to equitable relief as the damages incurred could require Plaintiffs and other Arkansas Subclass members to make alterations and/or purchase new devices at their cost.

## COUNT IV

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW,
### Cal. Bus. & Prof. Code § 17200, *et seq.*
### (Asserted by the California Subclass)

108. Plaintiff Deborah Greene ("Plaintiff," for purposes of this Count), individually and on behalf of the other California Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

109. Intel's acts and practices, as alleged in this Complaint, constitute unfair, unlawful and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.

110. Intel has engaged in an unfair business practice with respect to the products provided to Plaintiff and the California Subclass, including, but not limited to, its failure to disclose that its defective Affected Processors would cause loss of data, slowdowns, other performance issues and potential security and data breach issues in Affected Devices.

111. Intel's business practices are unscrupulous, unethical, and substantially injurious to consumers. There is no legitimate business reason for Intel's business practice such that the

Page 27 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

utility of its business practice outweighs the harm to consumers. Furthermore, Intel's business practice undermines this State's fundamental policy against unfair and sharp business practices that are likely to deceive or mislead consumers, and which undercut trust and fair competition in the consumer marketplace.

112.  Plaintiff and California Subclass members relied upon Intel's representations and material omissions in purchasing Intel Affected Processors and/or Affected Devices with Intel Affected Processors. Had Plaintiff and California Subclass members known of the truth and of the concealed material information, they would not have purchased Intel Affected Processors or Affected Devices that contained Intel Affected Processors which damaged their Affected Devices and/or would have purchased devices with AMD or other competitive products for a lesser amount. In addition, because of the patches required which slow down the device's performance, Plaintiff will suffer current and future harm as a result of the Affected Devices' respective conditions.

113.  Plaintiff also has standing to challenge Defendant's unfair, unlawful and fraudulent business practices on behalf of the public pursuant to California Business and Professions Code § 17204, since, as a result of such practices, she has suffered injury in fact and lost money or property in the form of reduced value of the Affected Devices.

114.  On behalf of the proposed class, Plaintiff hereby seeks money damages and restitution in an amount to be determined at trial.

115.  On behalf of the proposed class, Plaintiff also hereby seeks entry of appropriate equitable relief pursuant to California Business & Professions Code § 17203, including an injunction prohibiting Defendant from engaging in the same or similar unfair business practices in the future, civil penalties, restitution of money that may have been acquired by Defendant's unfair business practices, and attorney's fees and costs of litigation. The entry of injunctive relief is of particular importance, and necessary to secure a fair consumer marketplace.

///

///

LANDYE BENNETT BLUMSTEIN LLP
Attorney at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

## COUNT V

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,
Cal. Civ. Code § 1750, *et seq.*
(Asserted by the California Subclass)

116.  Plaintiff Deborah Greene ("Plaintiff," for purposes of this Count), individually and on behalf of the other California Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

117.  The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") is a comprehensive statutory scheme that prohibits deceptive practices in connection with the conduct of businesses providing goods, property or services to consumers primarily for personal, family, or household use.

118.  Intel is a "person" as defined by Civil Code § 1761(c) and it provides "goods" within the meaning of Civil code section 1761(a) and 1770.

119.  Plaintiff and California Subclass members are "consumers" within the meaning of Civil Code § 1761(d).

120.  Intel's sales of goods to Plaintiff and California Subclass members constitute "transactions" which were "intended to result or which result[ed]" in the sale of goods to consumers within the meaning of Civil Code §1761 (e).

121.  Plaintiff has standing to pursue her claim as she has suffered injury in fact and has lost money as a result of Intel's actions as set forth herein.

122.  Intel operating in California has violated the CLRA by engaging in unlawful, unfair and deceptive practices as defined in Civil Code § 1770 with respect to the products provided to Plaintiff and the California Subclass, including, but not limited to, its failure to disclose that it was selling a product which created security vulnerabilities and affected the performance and speed of the Affected Devices.

123.  The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and California Subclass members that they could not reasonably avoid; this substantial injury outweighed any

Page 29 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

benefits to consumers or to competition.

124.  Intel knew or should have known that its Affected Processors were defective, would affect the performance and operation of the Affected Devices and that the defect and/or the cure (in the form of a patch) would slow down the performance of the Affected Devices and that the defective Intel Affected Processors were not as secure and would not perform to the same degree as those sold by its competitors.

125.  Plaintiff and California Subclass members relied upon Intel's misrepresentations and material omissions in purchasing Intel Affected Processors and/or Affected Devices with Intel Affected Processors. Had Plaintiff and California Subclass members known of the truth and of the concealed material information, they would not have purchased Intel Affected Processors or Affected Devices that contained Intel Affected Processors which have damaged their Affected Devices and/or would have purchased devices with AMD or other competitive products for a lesser amount.

126.  As a result of Intel's acts and practices alleged herein, Plaintiff and California Subclass members suffered actual damages.

127.  Plaintiff and California Subclass members are entitled to equitable relief as the damages incurred could require Plaintiff and other California Subclass members to make alterations and/or purchase new devices at their cost.

128.  On March 6, 2018, a California resident represented by similar counsel sent a pre-suit demand letter to Intel by Certified Mail, Return Receipt Requested, providing it with written notice of its alleged violations of the CLRA pursuant to California Civil Code section 1782(a) and requested that Defendant correct or agree to correct the violations enumerated and reimburse Plaintiffs and the class for any damages suffered. Defendant failed to do so.  In addition, Plaintiff Greene herein, on May 7, 2018, sent a pre-suit demand letter to Intel by Certified Mail, Return Receipt Requested, providing it with written notice of its alleged violations of the CLRA pursuant to California Civil Code section 1782(a) and requested that Defendant correct or agree to correct the violations enumerated and reimburse Plaintiff and the class for any damages

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

suffered.  Plaintiff intends to amend the complaint as of right (or otherwise seek leave to amend the complaint) to include compensatory, monetary damages and punitive damages, in addition to the injunctive and equitable relief that Plaintiff seeks now.

## COUNT VI

### VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS 505/1, *et seq.*)
### (Asserted by the Illinois Subclass)

129.  Plaintiff Claude Vogel ("Plaintiff for purposes of this Count) hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

130.  Defendant is a "person" as that term is defined in 815 ILCS 505/1(c).

131.  Plaintiff and the Illinois Subclass are "consumers" as that term is defined in 815 ILCS 505/1(e).

132.  The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

133.  Defendant engaged in in unfair and deceptive acts in violation of the Illinois CFA through the practices described above, and by knowingly and intentionally concealing from Plaintiff and Illinois Subclass Members that the Affected Processors suffered from a defect(s).

134.  Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business within the course of trade or commerce in the State of Illinois, were capable of deceiving a substantial portion of the purchasing public.

135.  Defendant knew that the Affected Processors were defectively designed or

Page 31 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

manufactured, would fail prematurely, and were not suitable for their intended use.

136. Defendant was under a duty to Plaintiff and the Illinois Subclass Members to disclose the defective nature of the Affected Processors:

    a.    Defendant was in a superior position to know the true state of facts about the defect of the Affected Processors;

    b.    Plaintiff and the Illinois Subclass could not reasonably have been expected to learn or discover that the Affected Processors had a material defect until manifestation of the defect;

    c.    Defendant knew that Plaintiff and the Illinois Subclass could not reasonably have been expected to learn or discover the material defect and the associated costs that it causes until the manifestation of the defect; and

    d.    Defendant actively concealed the defect and the associated costs to Plaintiff and the Illinois Subclass.

137. In failing to disclose the defect and the associated safety risks and repair costs that result from it, Defendant has knowingly and intentionally concealed material facts and breached their duty to disclose.

138. The facts concealed or not disclosed by Defendant to Plaintiff and the Illinois Subclass are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendant's Affected Processors or pay a lesser price. Had Plaintiff and the Illinois Subclass known about the defective nature of the Affected Processors, they would not have purchased the Affected Processors or would have paid less for them.

139. Defendant acted unscrupulously in a manner that is substantially injurious to consumers. Among other things:

    a.    Marketed the Affected Processors with actual or constructive knowledge of the defect;

    b.    Marketed and sold Affected Processors whose failures result in costly repairs or unusable computers;

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

140. Defendant's acts and practices are contrary to Illinois law and policy and constitute unreasonable and oppressive business practices that caused substantial injury to Plaintiff and the Illinois Subclass

141. As a direct and proximate result of Defendant's violations of the Illinois CFA, Plaintiff and the Illinois Subclass have suffered injury-in-fact and/or actual damage.

142. Pursuant to 815 ILCS 505/10a(a), Plaintiff and the Illinois Subclass seek monetary relief against Defendant in the amount of actual damages, as well as punitive damages because Defendant acted with fraud and/or malice and/or was grossly negligent.

143. Plaintiff also seeks an order enjoining Defendant's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under 815 ILCS § 505/1, *et seq.*

## COUNT VII

### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") Fla. Stat. §§ 501.201, *et seq.* (Brought on behalf of the Florida Subclass)

144. Plaintiff Barbara Clabaugh ("Plaintiff," for purposes of this Count), individually and on behalf of the other Florida Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

145. Plaintiff brings this claim individually and on behalf of the Florida Subclass members.

146. Plaintiff and class members who purchased the defective Intel Affected Processors and/or Affected Devices with the defective Intel Affected Processors are "consumers" under the FDUTPA.

147. Defendant's practices, acts, policies and course of conduct violated FDUTPA in that:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices

Page 33 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Florida Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiff, and the Florida Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiffs and the Florida Subclass Members, to expend sums of money to repair and/or replace the defective Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase.

148.  Defendant's acts and omissions possessed the tendency or capacity to mislead or create the likelihood of deception and or unfair trade practices.

149.  Intel committed these and other unfair and deceptive acts in connection with the marketing and sale of its defective Affected Processors and/or Affected Devices with said Affected Processors. Intel is liable to Plaintiff and the other Florida Subclass members for monetary relief in an amount to be determined at trial. Plaintiff and the Florida Subclass members also seek reasonable attorneys' fees and equitable relief, including an order requiring Intel to adequately disclose, replace and remediate the defect and enjoining Intel from incorporating the defective Affected Processors into its future Affected Processors in the future, as well as any other just and proper relief available under the FDUTPA.

150.  Until the present, Defendant knowingly accepted the benefits of their deception and improper conduct in the form of profits from the increased sale of the Intel Affected Processors

Page 34 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

and/or Affected Devices which contained the Intel Affected Processors and/or Affected Devices in which the branding of Intel Affected Processors was prominently displayed as containing a premium product which operated with a speed in excess of competitive products.

151. As a direct and proximate result of Intel's practices, Plaintiff and the Florida Subclass members suffered the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

152. The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, and unscrupulous. The acts caused substantial injury to Plaintiff and the Florida Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

153. Plaintiff and Florida Subclass members also seek appropriate equitable relief, including an order requiring Intel to adequately disclose and remediate the defect plaguing its Affected Processors, and an order enjoining Intel from incorporating the defect into computers and devices in the future. Plaintiff and the Florida Subclass members also seek attorneys' fees and any other just and proper relief available under FDUTPA.

## COUNT VIII

### THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA")
### GA.CODE ANN. § 10–1–390 *et seq.*
### (Asserted by the Georgia Subclass)

154. Plaintiff Ralph Morton ("Plaintiff," for purposes of this Count), individually and on behalf of the other Georgia Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

155. Plaintiff brings this claim individually and on behalf of the Georgia Subclass members.

Page 35 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

156. GFBPA prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce," including, inter alia, "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another." GA.CODE ANN. § 10–1–393(a) and (b)(7).

157. By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Georgia in violation of the GFBPA by making the misrepresentations and material omissions described above.

158. Intel's unfair or deceptive acts and practices in connection with members of the Georgia Subclass, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Georgia Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

    b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Georgia Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

    c.    Defendant forced Plaintiff and the Georgia Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would

Page 36 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

maintain adequate data privacy and security practices and procedures to safeguard the Georgia Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.      Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff's and the Georgia Subclass Members' data.

159.   The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

160.   Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

161.   The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Georgia Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors,  were of a particular standard or quality which they were not.

162.   Plaintiff and members of the proposed Georgia Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the GFBPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled and did not receive products of the represented standard and quality.

Page 37 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

163. Plaintiff and members of the proposed Georgia Subclass were injured as a direct and proximate result of Defendant's violation of the GFBPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

164. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Georgia Subclass Members' personal data and that the risk of a data breach or theft was high. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Georgia Subclass.

165. Furthermore, on March 5, 2018, a Georgia resident in a related case against Defendant represented by similar counsel sent a pre-suit demand letter to Intel by Certified Mail, Return Receipt Requested, providing it with written notice of its alleged violations of the GFBPA and requested that Defendant correct or agree to correct the violations enumerated and reimburse Plaintiff and the class for any damages suffered. Defendant failed to do so. In addition, Plaintiff Morton herein, on May 7, 2018, sent a pre-suit demand letter to Intel by Certified Mail, Return Receipt Requested, providing it with written notice of its alleged violations of the GFBPA, pursuant to GA.CODE ANN. § 10-1-399(b), with written demand for relief from Plaintiff's counsel, on behalf of himself and other similarly situated Intel CPU Chip owners (including Affected Processors and/or Affected Devices) who purchased the product within Georgia, was delivered to Defendant. The letter identified the claimant and reasonably described the unfair or deceptive acts and practices relied upon and the injuries suffered.

166. By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the GFBPA, Plaintiff and members of the proposed Georgia Subclass

Page 38 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

and Nationwide Class have suffered damages. Accordingly, Plaintiff and the proposed Georgia Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of treble damages; an award of punitive damages; and reasonable attorneys' fees and costs.

**COUNT IX**

**LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("LUTPA") LA. REV. STAT. ANN. § 51:1401, *et seq.* (Asserted by the Louisiana Subclass)**

167. Plaintiff Margarite Sampson ("Plaintiff," for purposes of this Count), individually and on behalf of the other Louisiana Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

168. Plaintiff brings this claim individually and on behalf of the Louisiana Subclass members.

169. The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." LSA–R.S. 51:1405(A).

170. Plaintiff and Louisiana Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Louisiana Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Louisiana Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

171. By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Louisiana in violation of the LUTPA by making the false misrepresentations and material omissions described in this section and throughout the complaint.

172. Intel's unfair and deceptive acts and practices in connection with members of the Louisiana Subclass, include, but are not limited to, the following:

Page 39 - COMPLAINT – CLASS ACTION (JURY DEMAND)

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

a.   At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Louisiana Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.   Thereafter, Defendant failed to disclose the defects to Plaintiff and the Louisiana Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.   Defendant forced Plaintiff and the Louisiana Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Louisiana Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.   Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Louisiana Subclass Members' data.

173.  The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or

Page 40 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

Affected Devices and impacted the consumer marketplace.

174.   Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

175.   The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and amounted to fraud, deceit, and misrepresentation which caused Plaintiff and members of the Louisiana Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

176.   The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Louisiana Subclass members in the form of ascertainable loss of money and/or movable property that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

177.   Plaintiff and members of the proposed Louisiana Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Louisiana Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the LUTPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

178.   Plaintiff and members of the proposed Louisiana Subclass were injured as a direct and proximate result of Defendant's violation of the LUTPA which caused Class members the

Page 41 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

179.   Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Louisiana Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Louisiana Subclass. Defendant's unfair and deceptive trade practices described in this section and in prior sections of the complaint, including its misrepresentations regarding the standards and qualities of their defective microprocessors, as well as the Affected Processors and the Affected Devices containing them, were taken in order to maintain or increase Intel's market share and sales and were accomplished by specifically misrepresenting to Plaintiff and members of the Louisiana Subclass the true standard and quality of its microprocessors.

180.   By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the LUTPA, Plaintiff and members of the proposed Louisiana Subclass and Nationwide Class have suffered damages. Accordingly, Plaintiff and the proposed Louisiana Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; treble damages; general damages, including damages for mental anguish and humiliation; punitive damages; and reasonable attorneys' fees and costs.

///

Page 42 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

## COUNT X

### Maine Unfair Trade Practices Act ("MUTPA")
### ME. REV. STAT. Tit. 5, § 205-A, *et seq.*
### (Asserted by the Maine Subclass)

181.  Plaintiff Anne Daisey ("Plaintiff," for purposes of this Count), individually and on behalf of the other Maine Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

182.  Plaintiff brings this claim individually and on behalf of the Maine Subclass members.

183.  The MUTPA provides that provides that "unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 M.R.S.A. § 207.

184.  Plaintiff and Maine Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Maine Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Maine Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

185.  By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Maine in violation of the MUTPA by making the false misrepresentations and material omissions described in this section and throughout the complaint. Defendant's misrepresentations were false, unfair, and deceptive, and were likely to mislead consumers acting reasonably under the circumstances.

186.  Intel's unfair or deceptive acts and practices in connection with members of the Maine Subclass, include, but are not limited to, the following:

      a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Maine Subclass Members, the known material information regarding the

Page 43 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Maine Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiff and the Maine Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Maine Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Maine Subclass Members' data.

187. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

188. Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices

Page 44 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

189.  The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a substantial and material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Maine Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors,  were of a particular standard or quality which they were not. Defendant's unfair and deceptive acts and practices were not outweighed by any countervailing benefits to consumers. Plaintiff and Maine Subclass members suffered injury as a result which they could not reasonably have avoided.

190.  The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Maine Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

191.  Plaintiff and members of the proposed Maine Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Maine Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MUTPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

192.  Plaintiff and members of the proposed Maine Subclass were injured as a direct and proximate result of Defendant's violation of the MUTPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503-224-4100
503-224-4133 (facsimile)

and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

193.  Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Maine Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Maine Subclass.

194.  On or about May 3, 2018, Plaintiff served a written demand for relief upon Defendant. If, after thirty (30) days from the time said letter was delivered, Defendant fails to provide proper relief, Plaintiff's MUTPA claim on behalf of the Maine Subclass will be ripe for relief.

195.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MUTPA, Plaintiff and members of the proposed Maine Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiff and the proposed Maine Subclass seek to enjoin the unlawful acts and practices described herein; and, if and upon thirty (30) days' passing from May 3, 2018, the relief requested on behalf of Plaintiff and the Maine subclass is not provided, Plaintiff intends to seek on behalf of herself and the Maine Subclass, recovery for actual damages; restitution; equitable relief; an award of punitive damages; and reasonable attorneys' fees and costs.

///

///

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

## COUNT XI

**MARYLAND CONSUMER PROTECTION ACT ("MCPA")**
**MD. CODE. ANN., COM. LAW § 13-101, *et seq.***
**(Asserted by the Maryland Subclass)**

196.  Plaintiffs Marvin L. Feiges and Yvette Norris ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Maryland Subclass members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

197.  Plaintiffs bring this claim individually and on behalf of the Maryland Subclass members.

198.  The MCPA provides that "[a] person may not engage in any unfair or deceptive trade practice ... in [t]he sale ... of any consumer goods ... or consumer services" or in "[t]he offer for sale ... of consumer goods ... or consumer services," Md. Code Ann., Comm. Law § 13–303.

199.  Plaintiffs and Maryland Subclass members are consumers purchasing consumer goods or services under the law. Plaintiffs and Maryland Subclass members are purchasers Defendant's "consumer" goods or services, including the Affected Processors and/or Affected Devices, which were purchased primarily for personal, household, family, or agricultural purposes.

200.  By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Maryland in violation of the MCPA by making the false misrepresentations and material omissions described above.

201.  Intel's unfair or deceptive acts and practices in connection with members of the Maryland Subclass, include, but are not limited to, the following:

   a. At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiffs and the Maryland Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the

Page 47 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (Facsimile)

*42A9698 / 15925-001*

defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b. Thereafter, Defendant failed to disclose the defects to Plaintiffs and the Maryland Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c. Defendant forced Plaintiffs and the Maryland Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Maryland Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft; Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiffs and the Maryland Subclass Members' data.

202. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

203. Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

Page 48 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

204.  The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiffs and members of the Maryland Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

205.  Plaintiffs and members of the proposed Maryland Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiffs and members of the proposed Maryland Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MCPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

206.  Plaintiffs and members of the proposed Maryland Subclass were injured as a direct and proximate result of Defendant's violation of the MCPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

207.  Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Maryland Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements

Page 49 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

for the purpose of defrauding the Plaintiffs and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Maryland Subclass.

208.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MCPA, Plaintiffs and members of the proposed Maryland Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiffs and the proposed Maryland Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XII

### MASSACHUSETTS CONSUMER PROTECTION ACT ("MCPA")
### MASS. GEN. LAWS ANN. 93A § 2
### (Asserted by the Massachusetts Subclass)

209.  Plaintiff Katharn Waterman ("Plaintiff," for purposes of this Count), individually and on behalf of the other Massachusetts Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

210.  Plaintiff brings this claim individually and on behalf of the Massachusetts Subclass members.

211.  The MCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." M.G.L.A. 93A § 2.

212.  Plaintiff and Massachusetts Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Massachusetts Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Massachusetts Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

213.  Defendant sold Affected Processors and/or Affected Devices to Plaintiff and

Page 50 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

Massachusetts Subclass members as non-defective and secure products. By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Massachusetts in violation of the MUTPA by making the false misrepresentations and material omissions described in this section and throughout the complaint regarding the characteristics, benefits and qualities of Affected Processors and/or Affected Devices. Defendant's misrepresentations were false, unfair, and deceptive, and were likely to mislead consumers acting reasonably under the circumstances.

214. Intel's unfair or deceptive acts and practices in connection with members of the Massachusetts Subclass, include, but are not limited to, the following:

a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Massachusetts Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Massachusetts Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiff and the Massachusetts Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented

Page 51 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

that it would maintain adequate data privacy and security practices and procedures to safeguard the Massachusetts Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Massachusetts Subclass Members' data.

215. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

216. Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

217. The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a substantial and material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Massachusetts Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not. Defendant's unfair and deceptive acts and practices were not outweighed by any countervailing benefits to consumers. Plaintiff and Massachusetts Subclass members suffered injury as a result which they could not reasonably have avoided.

218. The foregoing deceptive acts and practices described in this section and throughout the Complaint constitute unconscionable commercial practices in that Defendant has, by the use of false or deceptive statements and/or knowing intentional material omissions, misrepresented

Page 52 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

and/or concealed the true nature and quality of the Affected processors and Affected devices for the Class Vehicles in violation of MUTPA.

219. The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Maine Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

220. Defendant's practices, acts, policies and course of conduct, as described above, were intended to induce, and did induce, Plaintiff and the Massachusetts Class members to purchase Affected Processors and/or Affected Devices.

221. Plaintiff and members of the proposed Massachusetts Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Massachusetts Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MUTPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements and did not receive products of the represented standard and quality.

222. Plaintiff and members of the proposed Massachusetts Subclass were injured as a direct and proximate result of Defendant's violation of the MUTPA which caused Class members to be deceived thereby suffering the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

223. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate

Page 53 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

to safeguard the Massachusetts Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Massachusetts Subclass.

224. Defendant's practices, acts, policies and course of conduct are actionable in that:

a.   Defendant actively and knowingly misrepresented to Plaintiff and the Massachusetts class members at the time of their purchase Affected Processors and/or Affected Devices, did not contain a material defect, were in good working order, not defective and otherwise high quality and secure;

b.   Defendant failed to give consumers who purchased or leased Class Vehicles adequate warnings and notices regarding the defects and problems with Affected Processors and/or Affected Devices despite possessing prior knowledge of their defects and security deficiencies;

c.   Defendant caused Plaintiff and the Massachusetts Class members to expend sums of money to purchase and/or repair and/or replace Affected Processors and/or Affected Devices despite the fact that Defendant had prior knowledge of the defects at the time when said Affected Processors and/or Affected Devices were placed into the stream of commerce.

225. On or about May 3, 2018, Plaintiff served a written demand for relief upon Defendant.  In the event Defendant fails to provide proper relief within thirty (30) days from the date said letter was delivered, Plaintiff's MUTPA claim on behalf of the Massachusetts Subclass will be ripe for relief.

226. By virtue of Defendant's misrepresentations and willful omissions, as well as their

Page 54 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

intentional violations of the MUTPA, Plaintiff and members of the proposed Massachusetts Subclass and Nationwide Class have suffered damages. Accordingly, if and upon thirty (30) days' passing from May 3, 2018, the relief requested on behalf of Plaintiff and the Massachusetts subclass is not provided, Plaintiff shall seek, on behalf of herself and the Massachusetts subclass, to enjoin the unlawful acts and practices described herein; to recover actual damages; restitution; equitable relief; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XIII

**MINNESOTA CONSUMER FRAUD ACT ("MCFA")**
**MINN. STAT. § 325F.68, *et seq.***
**(Asserted by the Minnesota Subclass)**

227. Plaintiff Tami Riecke ("Plaintiff," for purposes of this Count), individually and on behalf of the other Minnesota Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

228. Plaintiff brings this claim individually and on behalf of the Minnesota Subclass members.

229. The MCFA prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby ..." Minn. Stat. § 325F.68(1).

230. Plaintiff and Minnesota Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Minnesota Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Minnesota Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

231. By the acts and conduct alleged herein, Defendant committed deceptive practices in the State of Minnesota in violation of the MCFA by making the false misrepresentations, deceptive representations which were intended to mislead consumers, and material omissions

Page 55 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

described in this section and throughout the complaint.

232.  Intel's deceptive practices in connection with members of the Minnesota Subclass, include, but are not limited to, the following:

a.  At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Minnesota Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.  Thereafter, Defendant failed to disclose the defects to Plaintiff and the Minnesota Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.  Defendant forced Plaintiff and the Minnesota Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Minnesota Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.  Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Minnesota Subclass Members' data.

Page 56 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

233. Defendant's fraudulent omissions were made under special circumstances whereby Defendant had a duty to disclose those material facts to consumers. Only Defendant, as the manufacturer and designer of their microprocessors, possessed special knowledge of material facts regarding the quality and security of Affected Processors and/or Affected Devices which consumers, including Plaintiff and Minnesota Class members, did not have access to.

234. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

235. Defendant's deceptive practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. Defendant's practices described in this section and throughout the complaint constituted fraud, false promises, misrepresentations, misleading statements, or deceptive practices. These deceptive practices were directed at consumers, including Plaintiff and Minnesota Class members, in connection with the sale of merchandise, and were intended by Defendant to induce their reliance in the purchase of Affected Processors and/or Affected Devices. If not enjoined and addressed by the court, Defendant's deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

236. The foregoing deceptive practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and were intended to cause Plaintiff and members of the Minnesota Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

237. The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, and unscrupulous and thereby offended established public policy. These acts caused

Page 57 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

substantial injury to Plaintiff and Minnesota Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

238. Plaintiff and members of the proposed Minnesota Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Minnesota Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MCFA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

239. Plaintiff and members of the proposed Minnesota Subclass were injured as a direct and proximate result of Defendant's violation of the MCPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

240. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Minnesota Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false, misleading, and were made with the intent that consumers rely thereon in connection with their purchase of Affected Processors and/or Affected Devices. Defendant made their false and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Affected Processors and/or Affected Devices Subclass.

Page 58 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

241.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MCFA, Plaintiff and members of the proposed Affected Processors and/or Affected Devices Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiff and the proposed Minnesota Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XIV

### MISSISSIPPI CONSUMER PROTECTION ACT ("MCPA")
### MISS. CODE. ANN. § 75-24-1, *et seq.*
### (Asserted by the Mississippi Subclass)

242.  Plaintiffs Lee Booth and Karem Horne ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Mississippi Subclass members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

243.  Plaintiffs bring this claim individually and on behalf of the Mississippi Subclass members.

244.  The MCPA prohibits "[u]nfair methods of competition affecting commerce and unfair or deceptive trade practices in or affecting commerce." Miss. Code. Ann. § 75–24–5(1).

245.  Plaintiffs and Mississippi Subclass members are consumers purchasing consumer goods or services under the law. Plaintiffs and Mississippi Subclass members are purchasers Defendant's "consumer" goods or services, including the Affected Processors and/or Affected Devices, which were purchased primarily for personal, household, family, or agricultural purposes.

246.  By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Mississippi in violation of the MCPA by making the false misrepresentations and material omissions described above.

247.  Intel's unfair or deceptive acts and practices in connection with members of the Mississippi Subclass, include, but are not limited to, the following:

a.    At the time of sale, Defendant omitted material information regarding the

Page 59 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiffs and the Mississippi Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiffs and the Mississippi Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiffs and the Mississippi Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Mississippi Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiffs and the Mississippi Subclass Members' data.

248.    The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

Page 60 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

249.  Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

250.  Defendant's trade practice were unfair because they (1) caused or were likely to cause a substantial injury to Plaintiffs and members of the Mississippi Class; (2) the injury to Plaintiffs and Mississippi Class members was not "outweighed by any countervailing benefits to consumers or competition that practice produces;" and (3) the injury to Plaintiffs and Mississippi Class members could not have been "reasonably avoided" and consumers were deceptively misled as to the quality and security of the Affected Processors and/or Affected Devices they avoided.

251.  The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiffs and members of the Mississippi Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors,  were of a particular standard or quality which they were not.

252.  Plaintiffs and members of the proposed Mississippi Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiffs and members of the proposed Mississippi Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MCPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

253. Plaintiffs and members of the proposed Mississippi Subclass were injured as a

Page 61 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (Facsimile)

*42A9698 / 15925-001*

direct and proximate result of Defendant's violation of the MCPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

254. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Mississippi Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiffs and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Mississippi Subclass.

255. Plaintiffs have and/or will make a reasonable attempt to resolve this claim through an informal dispute settlement program approved by the Attorney General, pursuant to Miss. Code Ann. § 75-24-15

256. By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MCPA, Plaintiffs and members of the proposed Mississippi Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiffs and the proposed Mississippi Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

///

///

Page 62 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

## COUNT XV

### MISSOURI MERCHANDISING PRACTICES ACT ("MMPA")
### MO. REV. STAT. § 407.010, *et seq.*
### (Asserted by the Missouri Subclass)

257.  Plaintiff Alma Jennings ("Plaintiff," for purposes of this Count), individually and on behalf of the other Missouri Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

258.  Plaintiff brings this claim individually and on behalf of the Missouri Subclass members.

259.  The MMPA makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce…" Mo. Rev. Stat. § 407.020.

260.  Plaintiff and Missouri Subclass members are consumers purchasing consumer merchandise, goods or services under the law. Plaintiff and Missouri Subclass members are persons who purchased merchandise, goods and/or services primarily for personal, family, or household purposes, including their Affected Processors and/or Affected Devices. Plaintiff and Missouri Subclass members consequently sustained an ascertainable loss as a result of Defendant's unlawful deception, fraud, misrepresentations, and unfair practices in connection with their sale of Affected Processors and/or Affected Devices.

261.  By the acts and conduct alleged herein, Defendant committed deception, fraud, misrepresentations, and unfair practices in and/or from the State of Missouri in violation of the MMPA by making the false misrepresentations and material omissions described in this section and throughout the complaint.

262.  Intel's unlawful deception, fraud, misrepresentations, and unfair practices in connection with members of the Missouri Subclass, include, but are not limited to, the following:

a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices

Page 63 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Missouri Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Missouri Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiff and the Missouri Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Missouri Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Missouri Subclass Members' data.

263.  The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

264.  Defendant's unlawful deception, fraud, misrepresentations, and unfair practices

Page 64 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

265. The foregoing deception, fraud, misrepresentations, and unfair practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Missouri Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

266. The above unlawful deception, fraud, misrepresentations, and unfair practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Missouri Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

267. Plaintiff and members of the proposed Missouri Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Missouri Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MMPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

268. Plaintiff and members of the proposed Missouri Subclass were injured as a direct and proximate result of Defendant's violation of the MMPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of

Page 65 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors, and the paying of a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

269.   Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Missouri Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Missouri Subclass.

270.   By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MMPA, Plaintiff and members of the proposed Missouri Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiff and the proposed Missouri Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XVI

### MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT ("MUTPCPA")
### MONT. CODE ANN. § 30-14-101, *et seq*.
### (Asserted by the Montana Subclass)

271.   Plaintiff J.P. Richards Jr. ("Plaintiff," for purposes of this Count), individually and on behalf of the other Montana Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

272.   Plaintiff brings this claim individually and on behalf of the Montana Subclass

Page 66 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

members.

273. The MUTPCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Mont. Code Ann. § 30-14-103.

274. Plaintiff and Montana Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Montana Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Montana Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

275. By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Montana in violation of the MUTPCPA by making the false misrepresentations and material omissions described in this section and throughout the complaint.

276. Intel's unfair or deceptive acts and practices in connection with members of the Montana Subclass, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Montana Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

    b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the

Page 67 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

Montana Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiff and the Montana Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Montana Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Montana Subclass Members' data.

277. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

278. Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

279. The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Montana Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected

Page 68 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

280. The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Montana Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

281. Plaintiff and members of the proposed Montana Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Montana Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the MUTPCPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

282. Plaintiff and members of the proposed Montana Subclass were injured as a direct and proximate result of Defendant's violation of the MUTPCPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

283. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Montana Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with

Page 69 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Montana Subclass.

284. By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the MUTPCPA, Plaintiff and members of the proposed Montana Subclass and Nationwide Class have suffered damages. Accordingly, Plaintiff and the proposed Montana Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XVII

### NEBRASKA CONSUMER PROTECTION ACT ("NCPA")
### NEB. REV. STAT. § 59-1601, *et seq.*
### (Asserted by the Nebraska Subclass)

285. Plaintiff James Bradshaw ("Plaintiff," for purposes of this Count), individually and on behalf of the other Nebraska Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

286. Plaintiff brings this claim individually and on behalf of the Nebraska Subclass members.

287. The NCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. Ann. § 59-1602.

288. Plaintiff and Nebraska Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Nebraska Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Nebraska Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

Page 70 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

289. By the acts and conduct alleged herein, Defendant committed unfair and deceptive acts and practices in the State of Nebraska in violation of the NCPA by making the false misrepresentations and material omissions described in this section and throughout the complaint. Intel's sale of microprocessors directly or indirectly affected the people of the State of Nebraska, including Plaintiff and Nebraska Subclass members, and negatively affected the public interest.

290. Intel's unfair or deceptive acts and practices in connection with members of the Nebraska Subclass, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Nebraska Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

    b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Nebraska Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

    c.    Defendant forced Plaintiff and the Nebraska Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to

Page 71 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

safeguard the Nebraska Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.      Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Nebraska Subclass Members' data.

291. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

292. Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

293. The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Nebraska Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

294. The above unfair and deceptive practices and acts by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Nebraska Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

295. Plaintiff and members of the proposed Nebraska Subclass reasonably relied on

Page 72 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Nebraska Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the NCPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

296.  Plaintiff and members of the proposed Nebraska Subclass were injured as a direct and proximate result of Defendant's violation of the NCPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

297.  Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Nebraska Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and unfair and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Nebraska Subclass.

298.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the NCPA, Plaintiff and members of the proposed Nebraska Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiff and the proposed Nebraska Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual

Page 73 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

damages; restoration of the purchase price, an award of punitive damages; the imposition of civil penalties; and reasonable attorneys' fees and costs.

## COUNT XVIII

### THE UNIFORM DECEPTIVE TRADE PRACTICES ACT ("UDTPA")
### NEB. REV. STAT. § 87-301, *et seq.*
### (Asserted by the Nebraska Subclass)

299.  Plaintiff James Bradshaw ("Plaintiff," for purposes of this Count), individually and on behalf of the other Nebraska Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

300.  Plaintiff brings this claim individually and on behalf of the Nebraska Subclass members.

301.  The UDTPA provides that a person has violated the UDTPA when, in the course of business, he or she represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have. Neb. Rev. Stat. Ann. § 87-302(5).

302.  Plaintiff and Nebraska Subclass members are consumers purchasing consumer goods or services under the law. Plaintiff and Nebraska Subclass members are persons who purchased goods and/or services primarily for personal, family, or household purposes, including the Affected Processors and/or Affected Devices. Plaintiff and Nebraska Subclass members consequently sustained a loss as a result of Defendant's unfair and deceptive conduct regarding their sale of Affected Processors and/or Affected Devices.

303.  By the acts and conduct alleged herein, Defendant committed deceptive trade practices in their course of business in the State of Nebraska in violation of the UDTPA by making the false misrepresentations and material omissions described in this section and throughout the complaint.

304.  Intel's deceptive trade practices in connection with members of the Nebraska Subclass, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the

Page 74 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiff and the Nebraska Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

b.    Thereafter, Defendant failed to disclose the defects to Plaintiff and the Nebraska Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiff and the Nebraska Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the Nebraska Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiff and the Nebraska Subclass Members' data.

305. The foregoing acts, practices, and representations described in this section and throughout the Complaint amounted to a breach of a duty owed to the consuming public in general, as they were directed at consumers who might purchase the Affected Processors and/or Affected Devices and impacted the consumer marketplace.

Page 75 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

306. Defendant's deceptive trade practices occurred in the conduct of trade and commerce, and has and continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's deceptive trade practices are likely to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

307. The foregoing deceptive acts and practices described in this section and throughout the Complaint were deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiff and members of the Nebraska Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

308. The above deceptive trade practices by Intel were immoral, unethical, oppressive, unscrupulous, substantially injurious to consumers, and also offended established public policy. These acts caused substantial injury to Plaintiff and Nebraska Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

309. Plaintiff and members of the proposed Nebraska Subclass reasonably relied on Defendant's false, unfair, and deceptive statements. Plaintiff and members of the proposed Nebraska Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the UDTPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled by Defendant's false statements, and did not receive products of the represented standard and quality.

310. Plaintiff and members of the proposed Nebraska Subclass were injured as a direct and proximate result of Defendant's violation of the UDTPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of

Page 76 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

311.  Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Nebraska Subclass Members' personal data and that the risk of a data breach or theft was high. Defendant knew their statements and representations regarding the Affected Processors and/or Affected Devices and their standard of quality were false and made with reckless disregard for the truth. Defendant made their false and deceptive statements for the purpose of defrauding the Plaintiff and consumers and inducing them into purchasing Affected Processors and/or Affected Devices. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Nebraska Subclass.

312.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the UDTPA, Plaintiff and members of the proposed Nebraska Subclass and Nationwide Class have suffered damages.  Accordingly, Plaintiff and the proposed Nebraska Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XIX

### NEVADA DECEPTIVE TRADE PRACTICES ACT ("NDTPA") NEV. REV. STAT. § 598.0903, *et seq.* (Asserted by the Nevada Subclass)

313.  Plaintiffs Michael Straub and Carl Demonbrun ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Nevada Subclass members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

314.  Plaintiffs bring this claim individually and on behalf of the Nevada Subclass members.

315.  NDTPA defines an actionable "deceptive trade practice" under the statute if, in the

Page 77 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 13925-001*

course of a defendant's business or occupation, the defendant: (7) "Represents that goods or services for sale or lease are of a particular standard, quality or grade . . . if [the defendant] knows or should know that they are of another standard, quality, grade, style or model;" (15) "Knowingly makes any other false representation in a transaction." Nev. Rev. Stat. § 598.0915.

316. By the acts and conduct alleged herein, Defendant committed deceptive trade practices in the State of Nevada in violation of the NDTPA by making the misrepresentations and material omissions described above.

317. Intel's deceptive trade practices in connection with members of the Nevada Subclass, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiffs and the Nevada Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

    b.    Thereafter, Defendant failed to disclose the defects to Plaintiffs and the Nevada Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

    c.    Defendant forced Plaintiffs and the Nevada Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would

Page 78 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

maintain adequate data privacy and security practices and procedures to safeguard the Nevada Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.   Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiffs and the Nevada Subclass Members' data.

318.   Defendant made false and deceptive representations to Plaintiffs and members of the Nevada Class, including that the Affected Processors it supplied were of the highest quality, to be as secure as competitive Affected Processors and to be of a higher performance standard than those of competitors. In fact, Intel brand Affected Processors, when included with an Affected Device, were listed as one of the beneficial features of the Affected Devices.

319.   At the time these representations were made Defendant knew or should have known that its microprocessor, Affected Processors, and the Affected Devices containing them, was defective and had security flaws which were inadequate to safeguard the Nevada Subclass Members' personal data and that the risk of a data breach or theft was high. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Nevada Subclass.

320.   At the time the false representations were made, Defendant intended that Plaintiffs and consumers rely on the misrepresentation.  Plaintiffs and Nevada Subclass members justifiably relied on Defendant's misrepresentation in purchasing Affected Processors and/or Affected Devices.   As a result of Plaintiffs' reliance on Defendant's intentional misrepresentations described in this section and throughout the Complaint, Plaintiffs and Nevada Subclass members suffered harm and injury as described in this section and throughout the Complaint.

321.   Defendant's unfair and deceptive acts and practices occurred in the conduct of trade and commerce, which continues to pose a risk to consumers and the consuming public generally. If not enjoined and addressed by the court, Defendant's unfair and deceptive practices are likely

Page 79 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

to be a recurring consumer threat to consumers purchasing the Affected Processors and/or Affected Devices.

322. The foregoing deceptive acts and practices described in this section and throughout the Complaint were unfair and deceptive in a material way because they fundamentally misrepresented Defendant's goods and services, and caused Plaintiffs and members of the Nevada Subclass to reasonably believe that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

323. Plaintiffs and members of the proposed Nevada Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the NDTPA as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled, and did not receive products of the represented standard and quality.

324. Plaintiffs and members of the proposed Nevada Subclass were injured as a direct and proximate result of Defendant's violation of the NDTPA which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

325. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the Nevada Subclass Members' personal data and that the risk of a data breach or theft was high. Intel's actions and violations of the law were negligent, knowing and willful, intentional, and/or wanton and reckless with respect to the rights of members of the Nevada Subclass.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

326. By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the NDTPA, Plaintiffs and members of the proposed Nevada Subclass and Nationwide Class have suffered damages. Accordingly, Plaintiffs and the proposed Nevada Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages; an award of treble damages; an award of punitive damages; and reasonable attorneys' fees and costs.

## COUNT XX

### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
**N.J.S.A. § 56:8-1, *et seq.***
**(Brought on behalf of the New Jersey Subclass)**

327. Plaintiff Ron Moreno ("Plaintiff," for purposes of this Count), individually and on behalf of the other New Jersey Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth.

328. Plaintiff brings this claim individually and on behalf of the New Jersey Subclass.

329. Intel is a "person" under N.J. Stat. § 56:8-1(d).

330. Plaintiff and the New Jersey Subclass members' purchases of defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors are "sales" under N.J. Stat. § 56:8-1(e).

331. Defendant's practices, acts, policies and course of conduct violated the New Jersey Consumer Fraud Act, N.J. Stat. 56:8-2, et seq. ("CFA"), in that:

332. Defendant engaged in deceptive acts and practices in or affecting commerce, through its marketing, advertisements and sale of defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, by representing to Plaintiff and members of the New Jersey Subclass, among other things, that the products were premium products, possessed a critical layer of protection for security of the data and device, would utilize state of the arts speed and execution when in fact it would manifest the defect:

    a.    Such pattern of conduct was uniform in nature with respect to the marketing and sale of the product.

Page 81 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

42A9698 / 15925-001

b.  Defendant also knowingly concealed, suppressed and consciously omitted material facts from Plaintiffs and other members of the members of the New Jersey Subclass – such as the fact that the Affected Processors were not secure, were susceptible to the Meltdown and Spectre defects and would result in slowdowns and a decrease in system performance.

333.  Defendant's acts and omissions possessed the tendency or capacity to mislead or create the likelihood of deception.

334.  Until the present, Defendant knowingly accepted the benefits of their deception and improper conduct in the form of profits from the increased sale of the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors

335.  As a proximate result of the above-described CFA violations, Plaintiff and members of the New Jersey Subclass: (a) purchased and used defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors when they would not otherwise have done so; (b) suffered economic losses consisting of the cost of purchase or, alternatively, the diminished value of the defective Intel Affected Processors or Affected Devices; (c) suffered and/or will suffer additional economic losses in purchasing another computer or device and/or out of pocket repair costs; and (d) suffered and will suffer additional economic losses incidental to the Intel CPU Chip defect.

336.  As a direct and proximate result of these deceptive commercial practices, alleged herein, Plaintiff and the members of the New Jersey Subclass have suffered ascertainable losses and have been damaged and are entitled to recover actual damages to the extent permitted by law in an amount to be proven at trial.

337.  Plaintiff and New Jersey Subclass members also seek appropriate equitable relief, including an order requiring Intel to adequately disclose and remediate the defect plaguing its microprocessor Affected Processors, and an order enjoining Intel from incorporating the defect into its microprocessor chips in the future. Plaintiff and the New Jersey Subclass also seek

Page 82 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

attorneys' fees and any other just and proper relief available under the New Jersey CFA

## COUNT XXI

**NEW YORK DECEPTIVE ACTS AND PRACTICES LAW ("NYDAPL")**
**N.Y. GEN. BUS. § 349, *et seq.***
**(Asserted by the New York Subclass)**

338.  Plaintiffs Mathew Kleinmann and Owen Waite ("Plaintiffs," for purposes of this Count), individually and on behalf of the other New York Subclass members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

339.  Plaintiffs bring this claim individually and on behalf of the New York Subclass members.

340.  NYDAPL G.B.L. § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. *Id.*

341.  By the acts and conduct alleged herein, Defendant committed deceptive acts and practices in the State of New York in violation of NYDAPL G.B.L. § 349 by making the misrepresentations and material omissions described above.

342.  Intel's deceptive trade practices in connection with consumer transactions in New York, include, but are not limited to, the following:

    a.    At the time of sale, Defendant omitted material information regarding the defective Intel microprocessor Affected Processors, and/or Affected Devices with defective Intel Affected Processors, by failing to disclose to Plaintiffs and the New York Subclass Members, the known material information regarding the defective Intel microprocessor Affected Processors and/or Affected Devices with defective Intel Affected Processors, including that the defective Intel Affected Processors were subject to security flaws, could result in compromise of security of the data on the Affected Devices due to Meltdown and Spectre and the known risks associated therewith, and would be subject to slowdowns and a decrease in system performance.

    b.    Thereafter, Defendant failed to disclose the defects to Plaintiffs and the New

Page 83 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorney at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

York Subclass Members, either through warnings or recall notices, and/or actively concealed from them the fact that the microprocessor Affected Processors were defective, even though Intel knew of such defects.

c.    Defendant forced Plaintiffs and the New York Subclass Members, to expend sums of money to repair and/or replace the defective microprocessor Affected Processors, despite Defendant's prior knowledge of the defects at the time of purchase. Defendant knowingly and fraudulently misrepresented that it would maintain adequate data privacy and security practices and procedures to safeguard the New York Subclass Members' Personal Information from unauthorized disclosure, release, data breaches, and theft;

d.    Defendant knowingly omitted, suppressed, and concealed the inadequacy of its privacy and security protections for Plaintiffs and the New York Subclass Members' data.

343.    The foregoing acts, practices, and representations described in this section and throughout the Complaint were consumer oriented, directed at consumers who might purchase the Affected Processors and/or Affected Devices.

344.    The foregoing deceptive acts and practices described in this section and throughout the Complaint were misleading in a material way because they fundamentally misrepresented Defendant's goods and services, and were likely to mislead a reasonable consumer acting reasonably under the circumstances into believing that Defendant's goods and services had characteristics that they did not have, and that its products, including Affected Processors and/or Affected Devices which utilize the Affected Processors, were of a particular standard or quality which they were not.

345.    Plaintiffs and members of the proposed New York Subclass and Nationwide Class were injured as a direct and proximate result of Defendant's violation of the NYDAPL G.B.L. § 349 as they expended monies for Affected Processors and/or Affected Devices which they would not have purchased had they known of their true quality and/or not been misled, and did not

Page 84 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (Facsimile)

receive products of the represented standard and quality.

346. Plaintiffs and members of the proposed New York Subclass were also injured as a direct and proximate result of Defendant's violation of the NYDAPL G.B.L. § 349 which caused Class members the injury and/or damages described herein, including but not limited to time and expenses related to monitoring the security of their Affected Devices and personal data, and increased risk of fraud and identity theft, and loss of value of their personal data, repair and replacement of their defective Intel Affected Processors and paying a premium price of the Intel Affected Processors which they would not have paid had they known of the true facts concealed by Defendant.

347. Defendant knew or should have known that its defective microprocessor, Affected Processors, and the Affected Devices containing them, had security flaws which were inadequate to safeguard the New York Subclass Members' personal data and that the risk of a data breach or theft was high. Intel's actions were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the New York Subclass.

348. By virtue of Defendant's misrepresentations and willful omissions, Plaintiffs and members of the proposed New York Subclass and Nationwide Class have suffered damages. Accordingly, Plaintiffs and the proposed New York Subclass seek to enjoin the unlawful acts and practices described herein; to recover actual damages or fifty dollars, whichever is greater; an award of punitive damages up to three times the actual damages, up to one thousand dollars; and reasonable attorneys' fees and costs.

## COUNT XXII

### OHIO CONSUMER SALES PRACTICES ACT
### (Ohio Rev. Code §§ 1345.01, *et seq.*)
### (Asserted by the Ohio Subclass)

349. Plaintiffs Clarence C. Feldner, Deborah Knapp, and Sandra Lessner ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Ohio Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

350. Intel, operating in Ohio, engaged in unfair and deceptive acts and practices in connection with consumer transactions, in violation of Ohio Rev. Code §§ 1345.01 *et seq.*, including but not limited to, representing that the Affected Processor were of a different standard, quality, grade, style, prescription, or model, despite the Defect.

351. As a direct and proximate result of Intel's practices, Plaintiffs and the Ohio Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

352. The above unfair and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and the Ohio Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

353. Intel knew or should have known that the Defect would affect Plaintiffs and the Ohio Subclass Members because it affected the quality, performance, security and speed of the Affected Processors.

354. Pursuant to Ohio Rev. Code § 1345.09, Plaintiffs and the Ohio Subclass Members seek an order enjoining Intel's unfair and/or deceptive acts or practices, actual damages – trebled (to be proven at the time of trial), attorneys' fees and costs, and any other just and proper relief, to the extent available under the Ohio Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.01, et seq.

## COUNT XXIII

### OHIO DECEPTIVE TRADE PRACTICES ACT
#### (Ohio Rev. Code §§ 4165.01, et seq.)
#### (Asserted by the Ohio Subclass)

355. Plaintiffs Clarence C. Feldner, Deborah Knapp, and Sandra Lessner ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Ohio Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

356. Intel, operating in Ohio, engaged in deceptive trade practices in the course of its

Page 86 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

business and vocation, including representing that its services had characteristics that they did not have, representing that its services were of a particular standard or quality when they were not, and advertising its services with intent not to sell them as advertised in violation of Ohio Rev. Code § 4165.02(A). This includes but is not limited to the following:

    a.   Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

    b.   Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

    c.   Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

    d.   Engaging in deceptive acts and practices with respect to the sale of goods and services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Ohio Subclass Members.

357. As a direct and proximate result of Intel's practices, Plaintiffs and Ohio Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

358. The above unfair and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs the Ohio Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

359. Intel knew or should have known that the Defect would affect Plaintiffs and the Ohio Subclass Members because it affected the quality, performance, security and speed of the Affected Processors. Intel's actions in engaging in the above-named unfair practices and

Page 87 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

deceptive acts were negligent, knowing and willful.

360. Pursuant to Ohio Rev. Code §§ 4165.01 et seq., Plaintiffs and Ohio Subclass Members seek an order enjoining Intel's unfair and/or deceptive acts or practices, actual damages trebled (to be proven at the time of trial), attorneys' fees and costs, and any other just and proper relief, to the extent available under the Ohio Deceptive Trade Practices Act.

## COUNT XXIV

### OREGON UNLAWFUL TRADE PRACTICES ACT
### (Or. Rev. Stat. §§ 646.608, et seq.)
### (Asserted by the Oregon Subclass)

361. Plaintiff Joseph Anderson ("Plaintiff," for purposes of this Count), individually and on behalf of the other Oregon Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

362. Intel, operating in Oregon, engaged in deceptive trade practices in the course of its business and occupation, including by representing that its goods and services had characteristics that they did not have, representing that its goods and services were of a particular standard or quality when they were not, advertising its goods and services with intent not to sell them as advertised, and engaging in other unfair and deceptive conduct in trade or commerce, in violation of Or. Rev. Stat. §§ 646.608(1)(e), (g), and (u).

363. This includes but is not limited to the following:

    a.    Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

    b.    Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

    c.    Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

d.    Engaging in deceptive acts and practices with respect to the sale of goods and services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Oregon Subclass Members.

364.  As a direct and proximate result of Intel's practices, Oregon Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

365.  The above unfair and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Oregon Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

366.  Intel's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful.

367.  Plaintiff and Oregon Subclass Members seek all remedies available under Or. Rev. Stat. § 646.638, including equitable relief, actual damages, statutory damages of $200 per violation, and/or punitive damages.

368.  Plaintiff and Oregon Subclass Members also seek reasonable attorneys' fees and costs under Or. Rev. Stat. § 646.638(3).

## COUNT XXV

### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### (73 Pa. Cons. Stat. §§ 201-2 & 201-3, et seq.)
### (Asserted by the Pennsylvania Subclass)

369.  Plaintiffs Arthur J. Hoffman III, Jill Levin, and Donald Cougle ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Pennsylvania Subclass Members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

370.  Plaintiffs and Pennsylvania Subclass Members purchased goods and services from Intel in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2, for personal, family,

Page 89 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

and/or household purposes.

371. Intel, operating in Pennsylvania, engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the goods purchased by the Pennsylvania Subclass in violation of 73 Pa. Cons. Stat. § 201-3, including but not limited to the following:

    a.   Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

    b.   Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

    c.   Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

    d.   Engaging in deceptive acts and practices with respect to the sale of goods and services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Pennsylvania Subclass Members.

372. The above unlawful, unfair, and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Pennsylvania Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

373. Intel knew or should have known that the Defect would affect the Pennsylvania Subclass Members because it affected the quality, performance, security and speed of the Affected Processors.

374. As a direct and proximate result of Intel's deceptive acts and practices, Pennsylvania Subclass Members suffered injury and/or damages, including but not limited to

Page 90 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

decreased computing power and the possible exposure of sensitive information.

375.   Plaintiffs and Pennsylvania Subclass Members seek relief under 73 Pa. Cons. Stat. § 201-9.2, including, but not limited to, injunctive relief, actual damages or $100 per Subclass Member, whichever is greater, treble damages, and attorneys' fees and costs.

## COUNT XXVI

### RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT
### (R.I. Gen. Laws §§ 6-13.1, et seq.)
### (Asserted by the Rhode Island Subclass)

376.   Plaintiff Virginia L. Cardoza ("Plaintiff," for purposes of this Count), individually and on behalf of the other Rhode Island Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

377.   Plaintiff and Rhode Island Subclass Members purchased goods from Intel in "trade" and "commerce," as meant by R.I. Gen. Laws § 6-13.1-1, for personal, family, and/or household purposes.

378.   Intel, operating in Rhode Island, engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the goods purchased by the Rhode Island Subclass in violation of R.I. Gen. Laws § 6-13.1-2, including but not limited to the following:

   a.   Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

   b.   Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

   c.   Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

   d.   Engaging in deceptive acts and practices with respect to the sale of goods and

Page 91 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Rhode Island Subclass Members.

379. The above unlawful, unfair, and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and Rhode Island Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

380. Intel knew or should have known that the Defect would affect the Rhode Island Subclass Members because it affected the quality, performance, security and speed of the Affected Processors. Intel's actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Rhode Island Subclass.

381. As a direct and proximate result of Intel's deceptive acts and practices, Rhode Island Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

382. Plaintiff and Rhode Island Subclass Members seek relief under R.I. Gen. Laws § 6-13.1-5.2, including, but not limited to, injunctive relief, other equitable relief, actual damages or $200 per Subclass Member, whichever is greater, punitive damages, and attorneys' fees and costs.

## COUNT XXVII

### SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
### (S.C. Code Ann. §§ 39-5-10, et seq.)
### (Asserted by the South Carolina Subclass)

383. Plaintiffs Debra Austin and Jamal Elakrah ("Plaintiffs," for purposes of this Count), individually and on behalf of the other South Carolina Subclass Members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

384. Intel is a "person" under S.C. Code Ann. § 39-5-10.

385. The South Carolina Unfair Trade Practices Act prohibits "unfair or deceptive acts

Page 92 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

or practices in the conduct of any trade or commerce[.]" S.C. Code Ann. § 39-5-20(a). Intel's actions as set herein occurred in the conduct of trade or commerce.

386. Intel, operating in South Carolina, willfully failed to disclose and actively concealed the Defect and otherwise engaged in activities with a tendency or capacity to deceive. Intel also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Affected Processors.

387. Intel knew it had taken inadequate measures to ensure the security and integrity of its Affected Processors for at least several months but concealed all of that information.

388. By failing to disclose the Defect, Intel engaged in deceptive business practices.

389. Intel's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and South Carolina Subclass Members, about the inadequacy of Intel's Affected Processors and the quality of the Intel brand.

390. Intel intentionally and knowingly misrepresented material facts regarding the Affected Processors with an intent to mislead Plaintiffs and the South Carolina Subclass.

391. Intel knew or should have known that its conduct violated the South Carolina Unfair Trade Practices Act.

392. As alleged above, Intel made material statements about the Affected Processors that were either false or misleading.

393. Intel owed Plaintiffs and the South Carolina Subclass a duty to disclose the true nature of its computer and data systems because Intel:

    a.   Possessed exclusive knowledge regarding the Defect;

    b.   Intentionally concealed the foregoing from Plaintiff and the South Carolina Subclass; and/or

    c.   Made incomplete representations about Affected Processors, while purposefully withholding material facts from Plaintiffs and the South

Page 93 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

Carolina Subclass that contradicted these representations.

394. Intel's fraudulent claims about the Affected Processors were material to Plaintiffs and the South Carolina Subclass.

395. Plaintiffs and the South Carolina Subclass suffered ascertainable loss caused by Intel's misrepresentations and its concealment of and failure to disclose material information.

396. Plaintiffs and South Carolina Subclass Members Personal Information would not have been stolen but for Intel's actions and inactions.

397. Intel had an ongoing duty to all Intel customers to refrain from unfair and deceptive practices. Plaintiffs and the South Carolina Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

398. Intel's violations present a continuing risk to Plaintiffs and South Carolina Subclass Members as well as to the general public. Intel's unlawful acts and practices complained of herein affect the public interest. As a direct and proximate result of Intel's actions and inactions, Plaintiffs and South Carolina Subclass Members have suffered injury-in-fact and/or actual damage.

399. Pursuant to S.C. Code Ann. § 39-5-140(a), Plaintiffs and South Carolina Subclass Members seek monetary relief against Intel to recover for their economic losses. Because Intel's actions were willful and knowing, Plaintiffs and South Carolina Subclass Members' damages should be trebled.

400. Plaintiffs and South Carolina Subclass Members further allege that Intel's malicious and deliberate conduct warrants an assessment of punitive damages because Intel carried out despicable conduct with willful and conscious disregard of the rights and safety of others, subjecting Plaintiffs and South Carolina Subclass Members to unjust hardship as a result. Intel's intentionally and willfully misrepresented the Defect and Affected Processors, deceived Plaintiffs and the South Carolina Subclass, and concealed material facts that only Intel knew. Intel's unlawful conduct constitutes malice, oppression, and fraud warranting punitive damages.

Page 94 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

401. Plaintiffs and South Carolina Subclass Members further seek an order enjoining Intel's unfair and deceptive acts and practices.

## COUNT XXVIII

### TENNESSEE CONSUMER PROTECTION ACT
(Tenn. Code Ann. §§ 47-18-101, et seq.)
(Asserted by the Tennessee Subclass)

402. Plaintiff Troy Mowery ("Plaintiff," for purposes of this Count), individually and on behalf of the other Tennessee Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

403. Intel advertised and sold "goods" or "services" in "trade" and "commerce," as meant by Tenn. Code § 47-18-103.

404. Intel, operating in Tennessee, engaged in unlawful, unfair, and deceptive acts and practices, misrepresentation, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of goods and services in violation of Tenn. Code Ann. § 47-18-104, including but not limited to the following:

  a. Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

  b. Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

  c. Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

  d. Engaging in deceptive acts and practices with respect to the sale of goods and services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Tennessee Subclass Members.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

405. The above unlawful, unfair, and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and Tennessee Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

406. Intel knew or should have known that the Defect would affect the Tennessee Subclass Members because it affected the quality, performance, security and speed of the Affected Processors. Intel's actions in engaging in the above-named deceptive acts and practices were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of members of the Tennessee Subclass.

407. As a direct and proximate result of Intel's deceptive acts and practices, the Tennessee Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

408. Plaintiff and Tennessee Subclass Members seek relief under Tenn. Code Ann. § 47-18-109, including, but not limited to, injunctive relief, actual damages, treble damages for each willful or knowing violation, and attorneys' fees and costs.

## COUNT XXIX

### TEXAS DECEPTIVE TRADE PRACTICES ACT,
### Tex. Bus. and Comm. Code § 17.41, *et seq.*
### (Asserted by the Texas Subclass)

409. Plaintiffs Steven Fowler, and Jack Mezzel ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Texas Subclass members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

410. Plaintiffs assert this count on behalf of themselves and members of the Texas Subclass.

411. Plaintiffs and the Texas Subclass members are persons and consumers within the context of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. and Comm. Code §§ 17.41, *et seq.* (hereinafter "TDTPA") who purchased the defective microprocessor Affected Processors and/or the Affected Vehicles for personal, family or household use,

Page 96 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

specifically § 17.45(3) and (4).

412. The Defendant is a "person" within the context of TDTPA § 17.45(3) who sells goods within the context of TDTPA § 17.45(1).

413. The sale of the Affected Devices and/or the defective Intel Affected Processors in Texas constitutes trade and commerce of consumer goods affecting the people of the state of Texas within the context of TDTPA § 17.45(6).

414. The Defendant knowingly and intentionally violated TDTPA § 17.46(5) by representing the defective Intel Affected Processors, including those included in the Affected Devices, have characteristics, uses, benefits and/or quantities which they do not possess.

415. The Defendant violated TDTPA § 17.46(7) by representing defective Intel Affected Processors, including those included in the Affected Devices, are of a particular standard, quality, or grade, when they are not.

416. The Defendant violated TDTPA § 17.46(24) by deception, fraud, false pretense, false premise, misrepresentation, knowing concealment, suppression, and/or omission of material facts concerning the defective Affected Processors with the intent to deceive Plaintiff and the Texas Subclass members.

417. At the time Plaintiffs purchased their Affected Devices and defective Intel Affected Processors, the Defendant knew or should have known that the Affected Processors were defective, posed a material security risk, would affect the performance and operation of the Affected Devices including the need for the patch and that said Affected Processors would not perform as competitive chips.

418. The Defendant committed unfair and deceptive acts in the course of trade and commerce within the context of the TDTPA as described in this complaint in violation of TDTPA § 17.46.

419. The Defendant committed unconscionable, deceptive and unfair trade practices, including but not limited to deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of material facts concerning the defective

Page 97 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

Intel Affected Processors, including those included in the Affected Devices, in connection with the sale and/or advertisement of same to the Plaintiff and the Texas Subclass members.

420. The Defendant fraudulently, intentionally, negligently, and/or recklessly misrepresented to Plaintiffs and the Texas Subclass members the quality, performance, security and speed of the Affected Processors.

421. The Defendant fraudulently, intentionally, negligently and/or recklessly misrepresented to Plaintiffs and the Texas Subclass members the characteristics of defective Affected Processors with respect to materials, manufacture, performance, security, design and speed. The Defendant extensively advertised that the defective Intel Affected Processors were superior in design, performance, speed and security and extolled the qualities of said Affected Processors including superior materials, workmanship, design, manufacture, security, durability, reliability and performance. In fact, the Intel Affected Processors contained a known defect as described in this complaint that caused said Affected Processors to create a security risk to have a vulnerability that could be exploited by hackers, to result in a slowdown and degradation of performance and quality of the Affected Devices.

422. The Defendant intended that Plaintiffs and the Texas Subclass members would, in the course of their decision to expend monies in purchasing and repairing the Affected Devices, reasonably rely upon misrepresentations, misleading characterizations and material omissions concerning the quality of defective Intel Affected Processors with respect to materials, manufacture, performance, security, design and speed.

423. The Defendant further violated the TDTPA by failing to inform prospective class purchasers that the Defendant had not properly tested the design or security of the defective Affected Processors, including but not limited to their predisposition to hacking.

424. The Defendant committed unfair and deceptive business trade act practices as described in this complaint. The Defendant repeatedly violated the TDTPA on multiple occasions with their continuous course of conduct, including omissions of material fact and misrepresentations concerning inter alia, the causes of the failures of the Affected Devices owned

Page 98 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

by Plaintiffs and the Texas Subclass members.

425.  As a proximate and direct result of the Defendant's unfair and deceptive business trade practices, Plaintiffs and the Texas Subclass members purchased defective Affected Processors and/or Affected Devices with said chips and sustained an ascertainable loss and financial harm.

426.  The conduct of Defendant offends public policy as established by statutes and common law; is immoral, unethical, oppressive and/or unscrupulous and caused unavoidable and substantial injury to class members (who were unable to have reasonably avoided the injury due to no fault of their own) without any countervailing benefits to consumers.

427.  Plaintiff in a related action represented by certain of the counsel in the within matter, provided notice pursuant to TDTPA § 17.505 to Defendant via certified mail, return receipt requested, on March 6, 2018.  Defendant failed to do so.  In addition, Plaintiffs Fowler and Mezzel herein, on May 7, 2018, sent a pre-suit demand letter to Intel by Certified Mail, Return Receipt Requested, providing it with written notice of its alleged violations of the TDTPA and requested that Defendant correct or agree to correct the violations enumerated and reimburse Plaintiffs and the Texas subclass for any damages suffered.  Plaintiffs intend to amend the complaint as of right (or otherwise seek leave to amend the complaint) to include compensatory, restitution, disgorgement, monetary damages and punitive damages, in addition to attorney fees and injunctive and equitable relief.

428.  If Defendant fails to provide the requested relief within sixty (60) days of the date thereof, it is Plaintiffs' intention to amend the Complaint to demonstrate that further tolling of this claim shall end and the TDTPA claim go forward.

429.  Plaintiffs and the Texas Subclass members demand judgment against Defendant Intel for restitution, disgorgement, statutory and actual monetary damages including multiple damages, interest, costs, attorneys' fees and injunctive relief including a declaratory judgment and an appropriate court order prohibiting Defendant from further deceptive acts and practices described in this complaint.

Page 99 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

## COUNT XXX

### UTAH CONSUMER SALES PRACTICES ACT
**(Utah Code §§ 13-11-1, et seq.)**
**(Asserted by the Utah Subclass)**

430.  Plaintiff Carol Marziale ("Plaintiff," for purposes of this Count), individually and on behalf of the other Utah Subclass Members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

431.  The actions described above involved "consumer transactions" within the meaning of Utah Code § 13-11-3(2).

432.  Intel is a "supplier" within the meaning of Utah Code § 13-11-3(6).

433.  Intel, operating in Utah, engaged in deceptive trade practices in connection with consumer transactions, including by representing that its goods and services had characteristics that they did not have and representing that its services were of a particular standard or quality when they were not, in violation of Utah Code § 13-11-4. This includes but is not limited to the following:

a.  Misrepresenting material facts (intending for others to rely upon the misrepresentations), pertaining to the quality, performance, security and speed of the Affected Processors;

b.  Omitting, suppressing, and concealing the material facts regarding the quality, performance, security and speed of the Affected Processors, with the intent that others rely on the omission, suppression, and concealment;

c.  Engaging in deceptive acts and practices with respect to the sale of goods and services by misrepresenting the quality, performance, security and speed of the Affected Processors; and

d.  Engaging in deceptive acts and practices with respect to the sale of goods and services by failing to take proper action with respect to the quality, performance, security and speed of the Affected Processors and by failing to protect Utah Subclass Members.

Page 100 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

434.  As a direct and proximate result of Intel's practices, Plaintiff and Utah Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

435.  The above unfair and deceptive acts and practices by Intel were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and Utah Subclass Members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

436.  The above acts were also unconscionable acts or practices by a supplier in violation of Utah Code § 13-11-5.

437.  Intel knew or should have known that the Defect would affect Plaintiff and Utah Subclass Members because it affected the quality, performance, security and speed of the Affected Processors. Intel's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful.

438.  Plaintiff and Utah Subclass Members seek all available relief under Utah Code §§ 13-11-1, *et seq.*, including, but not limited to, actual damages, civil penalties, injunctive relief, and attorneys' fees and costs.

## COUNT XXXI

### WISCONSIN DECEPTIVE TRADE PRACTICES ACT
### (Wis. Stat. § 100.18)
### (Asserted by the Wisconsin Subclass)

439.  Plaintiffs Darcy L Hackel and Kierston Pierce ("Plaintiffs," for purposes of this Count), individually and on behalf of the other Wisconsin Subclass Members, repeat and allege the allegations contained in the preceding paragraphs as if fully set forth herein.

440.  Intel is a "person, firm, corporation or association" within the meaning of Wis. Stat. § 100.18(1).

441.  Plaintiffs and Wisconsin Subclass Members are members of "the public" within the meaning of Wis. Stat. § 100.18(1).

442.  Plaintiffs and Wisconsin Subclass Members were deceived as described herein and

Page 101 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*42A9698 / 15925-001*

have suffered damages as a result.

443.  Intel, operating in Wisconsin, willfully failed to disclose and actively concealed the effects of the Defect on its Affected Processors discussed herein and otherwise engaged in activities with a tendency or capacity to deceive. Intel also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with its provision of Affected Processors.

444.  By failing to disclose the effects of the Defect on its Affected Processors as described herein, Intel engaged in deceptive business practices in violation of Wis. Stat. § 100.18.

445.  Intel's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and Wisconsin Subclass Members, about the true nature of its Affected Processors and the quality of the Intel brand.

446.  Intel intentionally and knowingly misrepresented material facts regarding the effects of the Defect on its Affected Processors with an intent to mislead Plaintiffs and Wisconsin Subclass Members.

447.  Intel knew or should have known that its conduct violated Wis. Stat. § 100.18.

448.  As alleged above, Intel made material statements about the effects of the Defect on its Affected Processors, and the Intel brand that were either false or misleading.

449.  Intel owed Plaintiffs and Wisconsin Subclass Members had a duty to disclose the true nature of the security of its computer and data systems, because Intel:

    a.  Possessed exclusive knowledge regarding the Defect;

    b.  Intentionally concealed the foregoing from Plaintiffs and the Wisconsin Subclass; and/or

    c.  Made incomplete representations about Affected Processors, while purposefully withholding material facts from Plaintiffs and the Wisconsin that contradicted these representations.

Page 102 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

450. Intel's fraudulent claims of Affected Processors and the true nature of the security of such systems were material to Plaintiffs and Wisconsin Subclass Members.

451. Plaintiffs and Wisconsin Subclass Members suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information.

452. Intel had an ongoing duty to all Intel customers to refrain from unfair and deceptive practices under Wis. Stat. § 100.18.

453. All Wisconsin Subclass Members suffered ascertainable loss, including in the form of suffered injury and/or damages, including but not limited to decreased computing power and the possible exposure of sensitive information. Intel's violations present a continuing risk to Plaintiffs and Wisconsin Subclass Members as well as to the general public.

454. Intel's unlawful acts and practices complained of herein affect the public interest.

455. As a direct and proximate result of Intel's violations of Wis. Stat. § 100.18, Plaintiffs and Wisconsin Subclass Members have suffered injury-in fact and/or actual damage.

456. Plaintiffs and Wisconsin Subclass Members are entitled to damages and other relief provided for under Wis. Stat. § 100.18(11)(b)(2).

457. Because Intel's conduct was committed knowingly and/or intentionally, Plaintiffs and Wisconsin Subclass Members are entitled to doubled damages.

458. Plaintiffs and Wisconsin Subclass Members also seek court costs and attorneys' fees under Wis. Stat. § 100.18(11)(b)(2).

## COUNT XXXII

### WYOMING CONSUMER PROTECTION ACT
#### (Wyo. Stat. Ann. §§ 40-12-101, et seq.)
#### (Asserted by the Wyoming Subclass)

459. Plaintiff James E Heise ("Plaintiff," for purposes of this Count), individually and on behalf of the other Wyoming Subclass members, repeats and alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

460. Intel is a "person" within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(i).

Page 103 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorney at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

42A9698 / 15925-001

461. Intel's goods and services are "merchandise" within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(vi). 306. Intel has issued "advertisements" of its goods and services within the meaning of Wyo. Stat. Ann. § 40-12-102(a)(v).

462. Intel, operating in Wyoming, engaged in deceptive acts or practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the goods and services purchased by Plaintiff and Wyoming Subclass Members in violation of Wyo. Stat. Ann. § 40-12-105, including but not limited to the following:

    a. Representing that merchandise has a source, origin, sponsorship, approval, accessories or uses it does not have;

    b. Representing that merchandise is of a particular standing, grade, style or model when it is not;

    c. Advertising merchandise with intent not to sell it as advertised; and

    d. Engaging in unfair or deceptive acts or practices.

463. Intel knew, or in the exercise of due care should have known, that it has in the past or is so representing to Plaintiff and Wyoming Subclass Members regarding its Affected Processors was untrue.

464. Plaintiff and Wyoming Subclass Members have suffered actual damages as a result of Intel's unfair or deceptive acts or practices.

465. Intel's conduct proximately caused the injuries to Plaintiff and the Wyoming Subclass Members.

466. Pursuant to Wyo. Stat. Ann. §§ 40-12-108 & -208, Plaintiff asks the Court to enter injunctive relief to require Intel to stop the unfair and deceptive conduct alleged herein, to assess damages to be proven at trial, costs, and attorneys' fees, and to award punitive damages against Intel for its unlawful acts and trade practices.

467. Plaintiff sent a demand for relief on behalf of the Wyoming Subclass pursuant to Wyo. Stat. Ann. § 40-12-109 on May 3, 2018 providing Intel with written notice of its alleged

Page 104 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (facsimile)

violations of the Wyo. Stat. Ann. §§ 40-12-101, *et seq*. and requested that Defendant correct or agree to correct the violations enumerated and reimburse Plaintiff and the Wyoming Subclass for any damages suffered.  In the event Defendant fails to provide proper relief within thirty (30) days from the date said letter was delivered, Plaintiff's Wyo. Stat. Ann. consumer protection claim on behalf of the Wyoming Subclass will be ripe for relief.

468.  By virtue of Defendant's misrepresentations and willful omissions, as well as their intentional violations of the Wyo. Stat. Ann. §§ 40-12-101, *et seq*., Plaintiff and members of the proposed Wyoming subclass and Nationwide Class have suffered damages.  Accordingly, if and upon thirty (30) days' passing from May 3, 2018, the relief requested on behalf of Plaintiff and the Wyoming subclass is not provided, Plaintiff shall seek, on behalf of himself and the Wyoming subclass, to recover actual damages; restitution; equitable relief; an award of punitive damages; and reasonable attorneys' fees and costs.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiffs, individually and on behalf of all members of the proposed classes in this Complaint, respectfully requests that the Court enter judgment in their favor and against Intel as follows:

A.    For an Order certifying the Class and/or Subclasses, as defined herein, and appointing Plaintiffs and their Counsel to represent the Nationwide Class, and/or the separate Statewide Subclasses;

B.    For an award of damages, as allowed by law in an amount to be determined;

C.    For an award of attorneys' fees costs and litigation expenses, as allowable by law;

D.    For prejudgment interest on all amounts awarded; and

E.    Such other and further relief as this court may deem just and proper.

///

///

///

Page 105 - COMPLAINT – CLASS ACTION (JURY DEMAND)

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224-4100
503.224-4133 (facsimile)

*42A9698 / 15925-001*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 11, 2018

LANDYE BENNETT BLUMSTEIN LLP

By: _____
Richard S. Yugler, OSB #804167, Local Counsel
Christine N. Moore, OSB #060270

Melissa R. Emert, *Pro Hac Vice Submission Pending*
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022
Email: memert@ssbny.com

Gary S. Graifman, *Pro Hac Vice Submission Pending*
Jay Brody, *Pro Hac Vice Submission Pending*
KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Rd.
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
Email: ggraifman@kgglaw.com
Email: jbrody@kgglaw.com

Nicholas A. Migliaccio, *Pro Hac Vice Submission Pending*
Jason S. Rathod, *Pro Hac Vice Submission Pending*
MIGLIACCIO & RATHOD LLP
412 H Street NE, Ste. 302
Washington, DC 20002
Tel: (202) 470-3520
Email: nmigliaccio@classlawdc.com
Email: jrathos@classlawdc.com

Patrice L. Bishop, *Pro Hac Vice Submission Pending*
STULL, STULL & BRODY
9430 W. Olympic Blvd., Suite 400
Beverly Hills, CA 90212
Email: service@ssbla.com
Tel: (310) 209-2468
Fax: (310) 209-2087

*Attorneys for Plaintiff*

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100
503.224-4133 (Facsimile)

*42A9698 / 15925-001*